IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ORLANDO GONZÁLEZ TOMASINI,

    Plaintiff,

    v.

UNITED STATES POSTAL SERVICE, et al.

    Defendants.

CIVIL NO.: 17-1552 (MEL)

## OPINION AND ORDER

### I.    Procedural Background

Pending before the court are Mr. Orlando González Tomasini's ("Plaintiff") motions for sanctions. ECF Nos. 86, 127. On December 30, 2019, Plaintiff filed a motion to compel responses to its second discovery request from the United States Postal Service and the Postmaster General of the United States Postal Service ("Defendants" or "USPS"). ECF No. 67. On July 24, 2020, Defendants were ordered to produce the following information:

> 1. Defendant shall identify any employees in the Bayamón branch who were absent without approved leave for three days in a particular calendar year in 2014 and/or 2015 and who were not disciplined. If there are no such employees, Defendant shall so certify in writing.[1]
>
> 2. Defendant shall identify all employees in the Bayamón Branch who at some point in time in 2014 and/or 2015 were found to be driving with an expired license and what disciplinary action, if any, was taken by USPS.[2]
>
> 3. Defendant shall inform Plaintiff whether there is any written document retention policy at USPS, how long are Overtime Desired lists supposed to be retained under that policy, and when were the Overtime Desired lists for February, March, and April 2015 disposed of.[3]

---

[1] In issuing this directive, the court narrowed Plaintiff's request in Interrogatory 10. See ECF No. 78, at 3-4.
[2] In issuing this directive, the court narrowed Plaintiff's request in Interrogatory 14. See ECF No. 78, at 4.
[3] Defendants were ordered to inform of the document retention policy for Overtime Desired Lists in light of their response to Plaintiff's request in Interrogatory 17 that "no Overtime Desired lists from that time period have been located." ECF No. 67-3, at 4.

ECF No. 78, at 3-6.

Pending before the court is Plaintiff's "motion for sanctions against the Defendant U.S. Postal Service pursuant to FED. R. CIV. P. 37(b)(2)." ECF No. 86. In its motion for sanctions, Plaintiff alleges that Defendants failed to provide the information in violation of the court's directives in the July 24, 2020 order. Id. at 2. Plaintiff's request for sanctions concerning Defendants' alleged refusal to provide information regarding the Overtime Desired lists for February, March, and April 2015 is moot as it has already been determined that "it shall be deemed as an undisputed fact for trial purposes that the Overtime Desired Lists in the Bayamón Branch for February, March, and April 2015 were disposed of in violation of USPS's document retention policy." ECF No. 117, at 4.

On October 16, 2020, Defendants informed that they were unable to locate any documents regarding employees at the Bayamón Branch who were absent without approved leave in 2014 and/or 2015 and they cannot locate any documents regarding employees at Bayamón Branch who were found to be driving with an expired license in 2014 and 2015. ECF No. 94, at 2; ECF No. 94-3, at 2. Hence, Defendants were ordered to inform

> its document retention policy for documents regarding employees who are absent without approved leave as well as employees who were found to be driving with an expired license. Defendants shall also inform since when has the document retention policy been in effect and why Defendants were able to find Plaintiff's records but no records from any other employee at the Bayamón Branch during 2014 and 2015.

ECF No. 117, at 4-5. On March 19, 2021, Plaintiff filed a "motion for sanctions against Defendants for failure to comply with Order at ECF 117" which is also pending before the court. ECF No. 127. On March 30, 2021, Defendants filed a response in opposition detailing additional information regarding its document retention policies. ECF No. 128.

2

**II.     Legal Analysis**

    **A. Defendants' Claim that Sanctions may not be Imposed because Plaintiff Never Requested Certain Information**

Defendants claim that Plaintiff "unjustly moved for sanctions by filing a motion with false and misleading information." ECF No. 94, at 2. Defendants argue that "Plaintiff wrongfully indicates to the Court that Defendant failed to answer three interrogatories, when in fact he never included those three questions in the two sets of interrogatories that he sent Defendant." Id. Defendants specifically argue that Plaintiff never requested information regarding the document retention policy for Overtime Desired lists and employees in the Bayamón Branch who were found to be driving with an expired driver's license in 2014 and/or 2015. Id.

Defendants' contention that sanctions may not be imposed deserves close scrutiny. In the motion to compel, Plaintiff alleged that USPS failed to answer three interrogatories that were posed on August 24, 2019. ECF Nos. 67, 67-1. Defendants are correct in that Plaintiff's interrogatories from August 24, 2019 did not explicitly request information regarding document retention policies and employees who were found to be driving with an expired license. See ECF No. 67-1, at 9-10, ¶¶ 10, 14, 17. However, Defendants' contention overlooks the fact that the court evaluated their objections to certain requests in Plaintiff's set of interrogatories and pared down said requests to be commensurate with the issues in the case at hand. See ECF No. 78, at 3-5; Moreno Rivera v. DHL Global Forwarding, 272 F.R.D. 50, 55 (D.P.R. 2011) ("[W]hen an objection arises as to the relevance of discovery, 'the court [will] become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it, so long as it is relevant to the subject matter of the action.'") (citations omitted).

3

In moving for sanctions, Plaintiff is not arguing that Defendants have not answered the original interrogatories that were posed on August 24, 2019. Rather, Plaintiff contends that Defendants have failed to comply with the orders of the court issued on July 24, 2020 and March 5, 2021. Thus, Defendants' contention that Plaintiff may not request sanctions is unsustainable.

### B. Whether Defendants Complied with the Court's Directives to Produce Information regarding Employees who were Absent Without Leave

On July 24, 2020, Defendants were ordered to "identify any employees in the Bayamón Branch who were absent without approved leave for three days in a particular calendar year in 2014 and/or 2015 and who were not disciplined. If there are no such employees, Defendant shall so certify in writing." ECF No. 78, at 4. On October 16, 2020, Defendants informed that they could not locate any documents regarding employees at the Bayamón Branch who were absent without approved leave in 2014 and 2015. ECF No. 94, at 2; ECF No. 94-3, at 2. Defendants offered no explanation as to why these documents could not be found. Hence, Defendants were ordered to inform its document retention policy for documents regarding employees who are absent without approved leave. ECF No. 117, at 4-5. On March 30, 2021, Defendants informed that the document retention policy for attendance records is three years and that the retention policy has been in effect since at least 2012. ECF No. 128, at 1.

The first issue is determining whether Defendants complied with their own document retention policy. Plaintiff's request for information regarding employees who were absent without leave was submitted to Defendants on August 24, 2019. ECF No. 67-1. Therefore, at the time of said request, documents pertaining to employees in the Bayamón Branch who were absent without approved leave in 2014 and/or 2015 were no longer covered under the USPS document retention policy for attendance records as more than three years had elapsed since

4

2015. Thus, Defendants did not have a duty to preserve said documents after 2018 according to their own document retention policy.

However, in addition to a party's duty to observe its document retention policies, there also exists an independent duty to preserve evidence that is reasonably anticipated to be relevant to a plaintiff's claims. "Litigants have the responsibility of ensuring that relevant evidence is protected from loss or destruction. 'A litigant has a duty to preserve relevant evidence.'" Vélez v. Marriott PR Management, Inc., 590 F. Supp. 2d 235, 258 (D.P.R. 2008) (quoting Pérez–Velasco v. Suzuki Motor Co. Ltd., 266 F. Supp. 2d 266, 268 (D.P.R. 2003)); Pérez-Garcia v. Puerto Rico Ports Auth., Civ. No. 08-1448, 2012 WL 12985702, at *1 (D.P.R. July 16, 2012) (explaining that the duty to preserve evidence "applies to all evidence that a party should reasonably know is relevant to the pending litigation."). "Relevant evidence is that which may prove or disprove a party's liability theory." Vélez, 590 F. Supp. 2d at 258. "The duty to protect and preserve relevant evidence 'arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation.'" Jelú Iravedra v. Municipality of Guaynabo, Civ. No. 16-1585, 2019 WL 5088563, at *2 (D.P.R. Oct. 10, 2019) (quoting Pérez-Velasco, 266 F. Supp. 2d at 268).

Defendants have informed that documents regarding employees in the Bayamón Branch who were absent without leave in 2014 and/or 2015 cannot be found. ECF No. 94, at 2; ECF No. 94-3, at 2. Thus, the issue is whether Defendants had a duty to preserve said documents because it could be reasonably anticipated that they would be relevant to this case. Plaintiff filed the original complaint on April 27, 2017 and the summons against Defendants was returned executed on June 26, 2017. ECF Nos. 1, 7. In the original complaint, Plaintiff alleges that he received a seven-day suspension on May 14, 2015 from his supervisor Mr. Juan R. Santos

("Mr. Santos") for being absent without leave despite taking leave under the Family Medical Leave Act ("FMLA"). ECF No. 1, at 4, 10. Plaintiff also alleges that he was subject to "harassment, insults, humiliation and open discrimination based on his work related actual medical conditions and age, beginning sometime in 2014, when [Mr. Santos] became his immediate supervisor." Id. at 14. In the amended complaint that was filed on December 17, 2018, Plaintiff alleges that Mr. Santos "had an agenda against Plaintiff [and] gave a seven (7) day suspension letter on May 14, 2015 by for [sic] allegedly not notifying some absences and gave him absent without leave or AWOL." ECF No. 28, at 4. Plaintiff further alleges that the 7-day suspension interfered with his FMLA leave. Id. at 32.

The original and amended complaint do not contain explicit allegations that Plaintiff was treated differently compared to other employees in the Bayamón Branch who were absent without leave in 2014 and/or 2015. There are also no allegations that Plaintiff received a suspension for being absent without leave while other employees at the Bayamón Branch were not disciplined for the same conduct. Therefore, from these allegations alone, it could not have been reasonably anticipated that documents pertaining to other employees at the Bayamón Branch who were absent without leave in 2014 and/or 2015 would be relevant to the case at hand. Plaintiff has not cited to any evidence indicating that Defendants should have reasonably known that these documents would be relevant to this litigation. Hence, Defendants were not put on notice of the pertinence of these documents, and thus, did not have a duty to preserve them. Therefore, Plaintiff's request that Defendants be sanctioned for failing to produce information regarding employees in the Bayamón Branch who were absent without approved leave for three days in a particular calendar year in 2014 and/or 2015 is DENIED.

### C. Whether Defendants Complied with the Court's Directives to Produce Information regarding Employees who were Found to be Driving with an Expired Driver's License

On July 24, 2020, Defendants were ordered to "identify all employees in the Bayamón Branch who at some point in time in 2014 and/or 2015 were found to be driving with an expired license and what disciplinary action, if any, was taken by USPS." ECF No. 78, at 4. On October 16, 2020, Defendants informed that they could not locate any documents regarding employees at the Bayamón Branch who were found to be driving with an expired license in 2014 and 2015. ECF No. 94, at 2; ECF No. 94-3, at 2. Defendants offered no explanation as to why these documents could not be found. Thus, Defendants were ordered to inform its document retention policy for documents regarding employees who were found to be driving with an expired license. ECF No. 117, at 4-5. Defendants were also ordered to inform why they were able to find Plaintiff's records but no records from any other employees at the Bayamón Branch during 2014 and 2015. Id. at 5. On March 30, 2021, Defendants informed that USPS does not maintain records of employees who were found to be driving with an expired license, and thus, there is no document retention policy for these records. ECF No. 128, at 2. However, Defendants clarified that the reason why they were able to locate Plaintiff's records is that he was issued a letter of warning in May 2015 for driving with an expired driver's license. Id. Defendants informed that the document retention policy for discipline and adverse actions is two years and that Plaintiff's discipline records were preserved after he filed an EEO complaint in 2015. Id.

In light of Defendants' response that USPS does not maintain records of employees who were found to be driving with an expired driver's license, the issue is whether Defendants have followed their document retention policy for discipline actions. When the court's directives were issued on July 24, 2020, any documents pertaining to employees in the Bayamón Branch who

7

were disciplined for driving with an expired license in 2014 and/or 2015 were no longer covered under the USPS's discipline or adverse actions document retention policy as more than two years had passed. Thus, Defendants did not have an obligation pursuant to their own document retention policy to maintain these employee discipline records past 2017.

Having determined that Defendants did not violate their document retention policy for employee discipline records, the issue is whether Defendants had a duty to preserve the discipline records of employees who were found to be driving with an expired license in 2014 and/or 2015 because it could be reasonably anticipated that they would be relevant to this case. In the original complaint, Plaintiff alleges that he received a letter of warning from Mr. Santos on May 20, 2015 "accusing him of driving a postal vehicle with an expired Puerto Rico driver's license." ECF No. 1, at 4, ¶ 4. Plaintiff alleges that he never drove a postal vehicle with an expired driver's license during that time. Id. at 11, ¶ 24. Plaintiff also alleges that he "started to experience harassment, insults, humiliation and open discrimination based on his work related actual medical conditions and age, beginning sometime in 2014, when [Mr. Santos] became his immediate supervisor."[4] Id. at 14, ¶ 47.

The original complaint does not include allegations that Plaintiff was treated differently than other employees in the Bayamón Branch who were found to be driving with an expired license in 2014 and/or 2015. There are also no allegations that Plaintiff received a letter of warning for driving with an expired license while other employees were not disciplined for similar conduct. Plaintiff has not cited to any evidence indicating that Defendants should have

---

[4] In the amended complaint, Plaintiff alleges that "[c]ontinuing with his intent, discrimination and persecution of [Plaintiff], on May 14, 2015, supervisor [Mr. Santos] also gave [Plaintiff] a letter of warning for allegedly having an expired Puerto Rico driver's license in open disregard of the explicit 30 day grace term allowed under Puerto Rico law after the expiration date to renew it." ECF No. 28, at 15. However, the amended complaint was filed on December 17, 2018. ECF No. 28. Therefore, at the time that Defendants received notice of the allegations in the amended complaint, the USPS document retention policy no longer covered employee discipline records from 2014 and 2015.

8

reasonably anticipated that documents pertaining to other employees at the Bayamón Branch who were found to be driving with an expired license in 2014 and/or 2015 would be relevant evidence to the case at hand. Because Defendants were not notified of the relevance of discipline records pertaining to other employees at the Bayamón Branch who were found to be driving with an expired driver's license in 2014 and/or 2015, they were not obligated to preserve said records. Thus, Plaintiff's request that sanctions be imposed on Defendants for failing to produce information regarding employees in the Bayamón Branch who were found to be driving with an expired license in 2014 and/or 2015 is DENIED.

### III. Conclusion

For the foregoing reasons, Plaintiff's request that sanctions be imposed on Defendants for allegedly failing to comply with the directives of the court issued on July 24, 2020 and March 5, 2021 (ECF Nos. 86, 127) is DENIED. Plaintiff's request for attorney's fees and costs related to the filing of the motions for sanctions is also DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 20th day of September, 2021.

s/Marcos E. López  
U.S. Magistrate Judge