IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ORLANDO GONZÁLEZ TOMASINI,

Plaintiff,

v.

UNITED STATES POSTAL SERVICE, et al.,

Defendants.

CIVIL NO.: 17-1552 (MEL)

**OPINION & ORDER**

I.      **Procedural Background**

On May 11, 2021, Defendants United States Postal Service and Louis Dejoy, Postmaster General, filed a motion for summary judgment (ECF No. 129) and a proposed statement of material facts. ECF No. 130. On July 20, 2021 and July 28, 2021, Plaintiff Orlando Gonzalez Tomasini filed a response in opposition to Defendants' motion for summary judgment (ECF No. 137) and a proposed statement of material undisputed facts. ECF No. 133. Both parties' motions and accompanying proposed statements of undisputed material fact were riddled with repeated and substantial violations of Local Rule 56 of this court. See ECF No. 149. Therefore, on September 27, 2021, the court issued an order striking Defendants' motion for summary judgment, Plaintiff's response in opposition, and both parties' proposed statements of undisputed material fact. ECF No. 149. Pending before the court is Plaintiff Orlando González Tomasini's Motion for Reconsideration of the court's order striking the parties' motions and proposed statements of undisputed material fact. ECF No. 150.

1

## II.     Legal Standard

A motion for reconsideration is proper if it seeks to correct manifest errors of law, present

newly discovered evidence, or when there is an intervening change in law. See Prescott v. Higgins,

538 F.3d 32, 45 (1st Cir. 2008). A request for reconsideration will be denied if it simply brings a

point of disagreement between the court and the litigant or reargues matters already properly

disposed of by the court. See Burgos Salgado v. Municipal Gov't of Ciales, 2011 WL 721908, at *1

(D.P.R. Feb. 23, 2011) (citation omitted). Also, a district court has "great leeway in the application

and enforcement of its local rules." United States v. Roberts, 978 F.2d 17, 20 (1st Cir.1992). Most

of Plaintiff's arguments can be categorized as disagreements with the court as to the enforcement of

the court's local rules.

## III.     Plaintiff's Request that the Court Adjudicate the Defective Motions as Filed

### A.  Plaintiff's Charges of Unfair Treatment

Plaintiff asserts he is being treated unjustly because the order to strike is granting the

Defendants' an opportunity to correct, remedy, and refile the procedural and substantive mistakes

included in their motion. ECF No. 150 at 2. Plaintiff complains that Defendants will now benefit

from having seen Plaintiff's arguments in his response and can now alter their motion accordingly.

ECF No. 150 at 5. For the above reasons, Plaintiff contends that the order to strike violates the

summary judgment procedure that the Plaintiff should "be given the benefit of every reasonable

inference." ECF No. 150 at 2. Plaintiff is incorrect.

The summary judgment standard does not mean that the nonmovant must be given every

advantage leading to a denial of summary judgment if some defect exists in the moving parties'

motion. The summary judgment standard refers to evidence, and states that a court, when deciding

whether a genuine issue of material fact exists, should construe the evidence in the light most

favorable to the nonmoving party. Santoni v. Potter, 369 F.3d 594, 598 (1st Cir. 2004). In

comparing the facts, the court should therefore view the record in such a way to give the nonmoving

party the benefit of every reasonable inference. Clifford v. Barnhart, 449 F.3d 276, 280 (1st Cir.

2005); Boyajin v. Starbucks Corp., 587 F. Supp. 2d 295, 301 (D. Me. 2008). As shown by this

court's decision in Santos v. Nogueras, if either party insist on filing motions and statements of

undisputed material facts that do not comply with Rule 56, those statements will not be considered

and may even be struck from the record. See e.g. Santos v. Nogueras, 2012 U.S. Dist. LEXIS

96688, at *14–16 (D.P.R. July 11, 2012); Casta v. Citi Int'l. Financial Servs., LLC, 2020 WL

7670122, at n. 1 (D.P.R. Dec. 23, 2020).

Defendants were afforded one week to cure serious and pervasive violations of the local

rules in their motion for summary judgment and accompanying proposed statement of material

facts. Plaintiff was afforded the same opportunity to cure the defects in his filings and to respond to

Defendants' refiled motion. The intolerable condition of all parties' motions necessitated correction

to facilitate the just and speedy adjudication of the summary judgment process. The court is not

striking the parties' motions and proposed statements of undisputed material facts for arbitrary

reasons or to favor Defendants. It is in the best interests of both parties that the court be able to

identify and examine the exact facts and supporting record materials to identify whether there

indeed exists a factual dispute that must go before a jury. This process will also help the parties to

better focus their arguments and evidence before trial. Clouding the list of proposed material facts,

admissions, or denials with lengthy compound paragraphs, legal arguments, citations to authority,

and inexact citations to exhibits unnecessarily complicates the court's ability to identify the facts

and the evidence that supports them.

### B. Plaintiff's Complaints About the Local Rules

In the court's order to strike, it instructed the parties to refrain from making legal arguments

in the proposed statement of material facts and to limit each assertion of material fact to one or two

sentences, at most. ECF No. 149 at 1–2. Plaintiff complains that nothing in Federal Rule of Civil

Procedure 56 limits a litigant to one to two sentences. ECF No. 150 at 3. Plaintiff also argues that he

is incapable of opposing Defendants' motion for summary judgment if he cannot make legal

arguments in his proposed statement of material facts and cannot use more than two sentences to

assert a fact. ECF No. 150 at 3. Plaintiff again misses the mark.

Plaintiff is correct that Federal Rule of Civil Procedure 56 does not limit individual

assertions of fact to two sentences. But Local Rule 56(c) clearly states that a party opposing a

motion for summary judgment shall submit with its opposition a separate, short, and concise

statement of material facts. A court may impose more strict requirements in enforcing its local rules,

and this court has chosen to impose more strict guidelines to clarify and isolate each assertion of

fact proposed by the parties. United States v. Roberts, 978 F.2d 17, 20 (1st Cir.1992) (A district

court has "great leeway in the application and enforcement of its local rules."). Parties before this

court routinely comply with the strictures of Local Rule 56, asserting and disputing facts in two

sentences or less. The Plaintiff must likewise comply with the order of the court enforcing the local

rules.

It is important to note that the two-sentence maximum does not include the citations to the

record included with each assertion. After making a short and concise assertion of material fact or

denial of the same, the parties are welcome to cite to as many clearly identified exhibits in the

record as they wish. Additionally, if the Plaintiff has additional material proposed facts that he

wants to assert in his response to the Defendants' proposed statement of material facts, he may

include them in a separate section of proposed material facts. The court has also not placed a limit

on the total number of facts a party may assert, as long as each fact asserted is material, short,

concise, and clearly cites to the record.

Plaintiff's proposed statement of undisputed material facts will especially benefit from the court's directives, as certain individual assertions in the original filing extended into one or even three pages. See e.g. ECF No. 133 at 8–11. The main reason for the dramatic length of Plaintiff's individual statements were that Plaintiff lumped lengthy recitations and arguments of law within individual proposed facts. Furthermore, many facts appeared in a compound form, describing multiple incidents within the same fact paragraph. See ECF No. 133 at 27–30. The court will not tolerate proposed statements of material facts, or responses to the same, muddled with compound assertions of fact wedged between arguments of law. The parties must comply with the requirement that assertions of material fact are material, short, concise, and do not contain legal arguments. This requirement applies to both Defendants and Plaintiff equally. The parties have sufficient opportunity to address legal arguments in their memoranda of law; any legal arguments in the proposed separate statements of material facts or responses to the same will not be considered by the court.

## IV.    Plaintiff's Request to Extend the Deadline to Oppose Defendants' Refiled Motion for Summary Judgment

In the alternative, Plaintiff requests that the court extend the deadlines set in the September 27th order to strike. In that order, the Court directed the Defendants to refile their corrected motion for summary judgment and proposed statement of undisputed material facts by October 4, 2021. After that date, the court granted Plaintiff until October 12, 2021 to correct and refile his response to Defendants' motion for summary judgment and proposed undisputed material facts. ECF No. 149 at 1. Plaintiff claims that having only eight days to correct his response so that it adequately responds to Defendants' refiled motion is too little time for a solo practitioner. ECF No. 150 at 6. Plaintiff notes how the Defendants' have the benefit of representation by a United States Attorney's Office, with all the resources that entails. ECF No. 150 at 6. In contrast, Plaintiff certifies that he is

overworked and has little time to complete his pressing professional commitments. ECF No. 150 at

6–7. As such, should the court deny his request to review the defective motions as filed, Plaintiff

petitions the court to extend the deadline for him to respond to Defendants' refiled motion. ECF No.

150 at 7.

The court is amenable to the Plaintiff's arguments for an extension. Although the court

specifically ordered that no extension requests would be granted, the court appreciates the unique

challenges and extensive workload managed by solo practitioners. The court will also consider the

extensive corrections necessary in Plaintiff's proposed response to Defendants' statement of

undisputed material facts. Additionally, Defendants' filings may include substantive changes to

which Plaintiff should be able to respond. Therefore, it would not be unreasonable to grant the

Plaintiff an extension.

## V.      Conclusion

Therefore, Plaintiff's motion for reconsideration (ECF No. 150) is GRANTED IN PART

AND DENIED IN PART. Plaintiff's request that the Court reconsider the substance of its order and

to adjudicate the defective motions as filed is DENIED. The court expects without reservation that

the parties will refile their motions in accordance with the local rules and the specific guidance

issued by this court in the September 27, 2021 order. However, Plaintiff's request for an extension

to respond to Defendants' refiled motion for summary judgment is GRANTED. Plaintiff is given

until **October 18, 2021** to respond to Defendants' motion for summary judgment.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 8th day of October 2021.

s/Marcos E. López
U.S. Magistrate Judge
