**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ORLANDO GONZÁLEZ TOMASINI, | |
| Plaintiff, | |
| v. | CIVIL NO.: 17-1552 (MEL) |
| UNITED STATES POSTAL SERVICE, et al., | |
| Defendants. | |

**OPINION & ORDER**

I.    **PROCEDURAL BACKGROUND**

Mr. Orlando González Tomasini ("Plaintiff") filed an amended complaint against United States Postal Service and its Postmaster General in his official capacity ("Defendant" or "USPS"), on December 17, 2018. ECF No. 28.[1] In his complaint, Plaintiff alleges violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., the Rehabilitation Act, 29 U.S.C. § 791 et seq., and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.[2] Plaintiff alleges that his employer, the USPS, subjected him to age and disability discrimination, interfered with his substantive rights under the FMLA, and retaliated against the Plaintiff for protected activity under each of the above Acts.

Defendant filed a motion for summary judgment which was granted in part and denied in part on March 24, 2022. ECF No. 159. Summary judgment was denied with regards to Plaintiff's claims under the Rehabilitation Act for disability discrimination, hostile work environment, and

---

[1] At the time the suit was filed, the Postmaster General of the United States was Megan J. Brennan, but Louis Dejoy has since assumed the post. Under Federal Rule of Civil Procedure 25(d), when a suit is commenced against a public officer in their official capacity who then ceases to hold office and is replaced, then "[t]he officer's successor is automatically substituted as a party."

[2] Plaintiff's claims for violations of the Federal Tort Claims Act ("FTCA") and Puerto Rico law claims under 31 L.P.R.A. §§ 5141, 5142 were dismissed by the court when ruling upon Defendant's original motion to dismiss filed on September 4, 2019. ECF No. 46.

alleged instances of Defendant failing to accommodate Plaintiff after February 20, 2015. ECF No. 159 at 73. Defendant was also denied summary judgment with regard to Plaintiff's retaliation claims under ADEA, the Rehabilitation Act, and FMLA for Defendant allegedly creating a hostile work environment, refusing to accommodate Plaintiff, and for levying unjustified discipline on Plaintiff. ECF No. 159 at 73.

However, Defendant's motion for summary judgment was granted on Plaintiff's age discrimination and age-based hostile work environment claims under ADEA, and those claims were dismissed accordingly. ECF No. 159 at 73. Likewise, Defendant was granted summary judgment on all of Plaintiff's claims under any statute based on the alleged fabrication of criminal charges against Plaintiff by Defendant. ECF No. 159 at 73. Finally, summary judgment was also granted dismissing any of Plaintiff's claims for failure to accommodate which were based on Defendant's actions which occurred before February 20, 2015. ECF No. 159 at 73.

Pending before the court is a third motion to dismiss which Defendant filed over two months after the court's opinion and order on Defendant's motion for summary judgment and less than two months before trial. ECF No. 191. Defendant now moves to dismiss Plaintiff's FMLA retaliation and interference with substantive rights claims in their entirety, ostensibly arguing that the court lacks subject matter jurisdiction over those causes of action under Federal Rule of Civil Procedure 12(b)(1). ECF No. 191. Plaintiff has filed responses in opposition to Defendant's motions to dismiss. ECF No. 210.

## II.   FACTUAL BACKGROUND

At all times during the events at issue in this case, Plaintiff was an employee of the USPS at the Bayamón Branch Post Office in Puerto Rico. ECF No. 152 at 1, ¶ 2; see ECF No. 157 at 2,

¶ 2. Plaintiff's claims largely center on treatment to which he alleges he was subject by his direct supervisor Juan Santos ("Santos") and Managing Supervisor Richard Lugo ("Lugo").

At the summary judgment stage the court found that Plaintiff produced sufficient evidence to survive summary judgment with regard to his claims that after having engaged in protected conduct under the FMLA he was subjected to retaliatory harassment and retaliatory discipline. At summary judgment the court concluded that Defendant engaged in his first FMLA protected conduct on January 8, 2015 when he took a 45-day leave-of-absence after having suffered an on-the-job injury. ECF No. 159 at 45. Plaintiff brought evidence at summary judgment which showed that sometime after January 2015 he was subject to a "special procedure"—unusual according to at least one witness—whereby all disciplinary and injury matters for Plaintiff had to go through Santos. ECF No. 158 at 24; ECF No. 157 at 42, ¶ 46; 47, ¶ 68; ECF No. 157-8 at 68, ¶¶ 22–24; 134, ¶¶ 1–19. Additionally, on March 12, 2015 Santos remarked to Plaintiff that he had "an accident on every route he was on" and that he was a "cheater and a "hustler." Santos and Lugo also referred to Plaintiff as a repeat offender on December 3, 2014 and March 12, 2015. ECF No. 157-2 at 54, ¶¶ 13–22; ECF No. 152-5 at 151, ¶¶ 1–14.

Plaintiff also introduced evidence at the summary judgment stage which showed that he took additional FMLA protected absences on April 14th, 15th, 16th, and 28th of 2015 to attend to his pregnant wife. ECF No. 159 at 45. After those additional protected absences, Plaintiff showed that On April 14, 2015 Santos implied to Plaintiff that he was not "fit for duty" and that when he was "ready to work for real to bid back because at this post office you have to come to work." ECF No. 139 at 38; ECF No. 157 at 48, ¶ 71; ECF No. 157-19; ECF No. 157-23 at 21, ¶¶ 2–6; 22, ¶¶ 2–10. After Plaintiff contacted the EEOC in April, Santos and Lugo again called

Plaintiff a "repeat offender," a "hustler," and revealed they had a nickname for Plaintiff: "Trucoman56." ECF No. 159 at 54.

At summary judgment Plaintiff also succeeded in showing a dispute of material fact that he was subject to an adverse employment action through unjustified discipline. First, on April 14, 2015 Santos suspended Plaintiff's driving privileges after discovering that Plaintiff had driven with an expired driver's license on April 13, 2015. ECF No. 152 at 11, ¶ 92; ¶ 93; ECF No. 152-21 at 00116; ECF No. 157 at 27, ¶ 93. On May 7, 2015, Plaintiff was also issued a Letter of Warning for failure to follow safety procedures for driving with an expired license. ECF No. 152 at 11, ¶ 94; ECF No. 157 at 27, ¶ 94. However, Plaintiff produced evidence that Santos himself "insisted that [Plaintiff] take a postal vehicle despite [his] protestations." ECF No. 157-6 at 5. Therefore, Plaintiff created an issue of material fact as to whether he was instructed to drive on an expired license and then subsequently disciplined for following orders, thereby making his later driving suspension unjustified.

Furthermore, on April 14, 15, 16, and 28, 2015, Plaintiff was marked as being absent from work without prior approval because Plaintiff had allegedly failed to notify his supervisors of his absences. ECF No. 152 at 11, ¶ 95; ECF No. 152-23 at 001, 003–004. At least two of these absences were designated as Leave Without Pay. ECF No. 157-16 at 1. Subsequently, on May 14, 2015, Plaintiff was issued a seven-day suspension for failure to be in regular attendance. ECF No. 157-16 at 1. Plaintiff also produced evidence at summary judgment showing that on April 14, 15, 16, and 28 his absences were in connection with attending to his pregnant wife, and that he had notified his supervisors about the absences in accordance with FMLA procedures. ECF No. 157-6 at 4, ¶ 11; ECF No. 157-16 at 2. Therefore, Plaintiff's claims for retaliation under the FMLA survived summary judgment as a reasonable jury could find that the above harassing

comments and acts of discipline could constitute retaliation against for his FMLA protected conduct. ECF No. 159 at 51, 73. The court also concluded that Plaintiff's claim for Defendant interfering with, restraining, and denying the exercise of and the attempt to exercise his FMLA rights also survived summary judgment. ECF No. 159 at 72.

### III.   ANALYSIS

#### A.  The Rule 12(b)(1) Standard

"[F]ederal courts are courts of limited subject matter jurisdiction . . . ." González Cancel v. Partido Nuevo Progresista, 696 F.3d 115, 119 (1st Cir. 2012). "Subject matter jurisdiction defines the court's authority to hear a given type of case . . . it represents "the extent to which a court can rule on the conduct of persons or the status of things[.]" Carlsbad Technology, Inc. v. HIF Bio, Inc. 556 U.S. 635, 639 (2009). Pursuant to Rule 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. Droz Serrano v. Caribbean Records Inc., 270 F. Supp. 2d 217, 217 (D.P.R. 2003) (citing Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)). To determine if the burden has been met, the court "take[s] as true all well-pleaded facts in the plaintiffs' complaints, scrutinize[s] them in the light most hospitable to the plaintiffs' theory of liability, and draw[s] all reasonable inferences therefrom in the plaintiffs' favor." Fothergill v. United States, 566 F.3d 248, 251 (1st Cir. 2009). The court, however, is not bound by the allegations in the pleadings and is permitted to consider materials outside the pleadings to determine jurisdiction on a Rule 12(b)(1) motion. See González v. United States, 284 F.3d 281, 288 (1st Cir. 2002).

A motion to dismiss for lack of subject matter jurisdiction may be raised "at any time" and the court "must dismiss the action" if it determines that it lacks subject matter jurisdiction.

Fed. R. Civ. P. 12(h)(3); United States v. González, 311 F.3d 440, 441 (1st Cir. 2002) ("[A] court is expected to raise the subject-matter jurisdiction objection on its own motion at any stage and even if no party objects."); Alejandro Ortiz v. Puerto Rico Elec. Power Auth., 872 F. Supp. 2d 133, 145 (D.P.R. 2012) ("Because subject-matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived."). Moreover, "[i]t is black-letter law that a federal court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction." McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004); Luellen v. Henderson, 54 F. Supp. 2d 775 (W.D. Tenn. 1999) ("A federal court has an independent duty to insure it observes the constitutional and statutory limitations of federal judicial power at all times. This obligation is not time-sensitive, but continues throughout all stages of any litigation.").

### B.  Defendant's Arguments are Not Jurisdictional in Nature

In this case, it is clear that Defendant's third motion was not properly brought as a Rule 12(b)(1) motion to dismiss because it is really an improper and untimely Rule 12(b)(6) motion which seeks to introduce evidence and have the court apply the Rule 56 standard for summary judgment. Therefore, Defendant's third motion to dismiss must be denied.

In its third motion to dismiss, Defendant summarized the legal issues of motion as follows:

> Whether Plaintiff proved a prima facie case of retaliation under FMLA, as a matter of law, by showing an intentional discrimination in the form of an adverse employment action for having exercised an FMLA right.

> Whether, even if an FMLA violation has been established at this stage as per the Court's decision, Plaintiff is entitled to compensable damages that warrants his FMLA claim to survive summary judgment in federal court.

ECF No. 191 at 4 (emphasis added). With regard to Plaintiff's prima facie case of retaliation under the FMLA, Defendant argues that as a matter of law Plaintiff's leave of absence after his

January 8, 2015 injury was not protected conduct under the FMLA because the necessary certification was not delivered by Plaintiff. ECF No. 191 at 4, 7. Additionally, Defendant argues that Plaintiff failed to produce evidence that the USPS subjected the Plaintiff to any intentional discrimination in connection with his FMLA benefits nor were any of the acts of discipline "adverse" for the purposes of a retaliation claim. ECF No. 191 at 5, 7–8. As for Plaintiff's argument concerning damages for an FMLA violation of Plaintiff's substantive rights, Defendant argues that Plaintiff is "not entitled to compensable damages under FMLA for interference with a substantive right." ECF No. 191 at 4–5.

None of Plaintiff's arguments implicates subject-matter jurisdiction. In its motion, Defendant has not identified any statutory or constitutional limit to the court's authority of the court to resolve the claims in this case. Instead, Plaintiff's arguments are predicated purely on whether Plaintiff has produced evidence to make a prima facie showing and whether Plaintiff is entitled to damages. Merely tacking the words "this Court lacks subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1)" to various paragraphs in the motion does not transform Defendant's motion into a motion to dismiss for lack of subject matter jurisdiction. As such, Defendant's motion raises issues that are not properly raised in a Rule 12(b)(1) motion to dismiss. Because Defendant's motion does not raise a jurisdictional issue, Defendant is not entitled to file such a motion at any time but must abide by the deadlines for a non-jurisdictional motion to dismiss.

### C. The Rule 12(b)(6) Standard

In suits for discrimination and retaliation "the elements of a prima facie case may be used as a prism to shed light upon the plausibility of the claim. Although a plaintiff must plead enough facts to make entitlement to relief plausible in light of the evidentiary standard that will pertain at

trial—in a discrimination case, the prima facie standard—[a plaintiff] need not plead facts

sufficient to establish a prima facie case." Rodríguez Reyes v. Molina Rodríguez, 711 F.3d 49,

54 (1st Cir. 2013). Therefore, "[t]he prima facie case is an evidentiary model, not a pleading

standard." Id. at 51. A motion to dismiss filed in order to attack a Plaintiff's plausible claim for

relief is brought under Federal Rule of Civil Procedure 12(b)(6). In order to survive

a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to

relief. Rodríguez Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 559 (2007). "Plausible, of course, means something more than

merely possible, and gauging a pleaded situation's plausibility is a 'context-specific' job that

compels us 'to draw on' our 'judicial experience and common sense.'" Schatz v. Republican

State Leadership Committee, 669 F.3d 50, 55 (1st Cir. 2012) (quoting Ashcroft v. Iqbal, 556

U.S. 662, 679 (2009)).

     In contrast to a Rule 12(b)(1) motion which may be filed at any time, a motion to dismiss

under Rule 12(b)(6) filed after the deadline for responsive pleadings and after the close of

discovery is untimely and can be denied on that basis alone. Ríos Campbell v. United States

Dep't of Commerce, 927 F.3d 21, 26 (1st Cir. 2019) ("[H]ad the defendants elected to file a

motion to dismiss under Rule 12(b)(6) after the close of discovery, their motion would have been

deemed untimely."); see also Fed. R. Civ. P. 12(b) (requiring a motion to dismiss for failure to

state a claim upon which relief can be granted to be filed before movant has answered the

complaint); Patrick v. Rivera López, 708 F.3d 15, 18 (1st Cir. 2013) (a Rule 12(b)(6) motion,

filed "long after the deadline for responsive pleadings" is untimely). Furthermore, in a 12(b)(6)

motion to dismiss, "[o]rdinarily, a court may not consider any documents that are outside of the

complaint, or not expressly incorporated therein, unless the motion is converted into one for

summary judgment." <u>Alt. Energy, Inc. v. St. Paul Fire and Marine Ins. Co.</u>, 267 F.3d 30, 33 (1st Cir. 2001). If "matters outside the pleading are presented to and not excluded by the court, the motion may be treated as one for summary judgment and disposed of as provided in rule 56." <u>Vargas Ruíz v. Golden Arch Development, Inc.</u>, 283 F. Supp. 2d 450, 458 (D.P.R. 2003) (citing <u>Garita Hotel Ltd. v. Ponce Federal Bank</u>, 958 F.2d 15, 18 (1st Cir. 1992). However, "the test is not whether supplementary materials were filed, but whether the court actually took cognizance of them, or invoked Rule 56, in arriving at its decision." <u>González</u>, 284 F.3d at 288.

### D.  Defendant's Motion is an Improper and Untimely Rule 12(b)(6) Motion

As already discussed, a challenge to the plaintiff's prima facie case or to damages is not an attack on jurisdiction, and Defendant's motion to dismiss on that basis more closely resembles a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. However, even if Defendant's attack on Plaintiff's prima facie claim has merit, because the prima facie case is an "evidentiary model" and not a pleading standard, to survive a Rule 12(b)(6) motion to dismiss, Plaintiff "need not plead facts sufficient to establish a prima facie case." <u>Rodríguez Reyes</u>, 711 F.3d at 54.

More importantly, due to the fact that Defendant's motion is not jurisdictional in nature, even if the court were to construe Defendant's third motion to dismiss as a Rule 12(b)(6) motion, Defendant's motion is untimely and can be denied on that basis. Plaintiff filed his amended complaint on December 17, 2018 and Defendant filed its answer on February 7, 2019 without filing a Rule 12(b)(6) motion. ECF Nos. 28, 29. The extended deadline to file dispositive motions expired on October 4, 2021. ECF No. 149 at 1. Therefore, Defendant's third motion to dismiss is an untimely Rule 12(b)(6) motion which has been filed both after Defendant's

responsive pleadings and after the deadline for the filing of dispositive motions, and it is therefore denied on untimeliness grounds. Ríos Campbell, 927 F.3d at 26.

### E.  Defendant's Motion, if Converted to a Motion for Summary Judgment is Untimely

Furthermore, because Defendant's motion to dismiss does not raise jurisdictional arguments, the evidence which Defendant submits and cites in its motion can only be properly considered by transforming Defendant's motion to dismiss into a Rule 56 motion for summary judgment. Alt. Energy, Inc., 267 F.3d at 33 ("[A] court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment."). In fact, in the instant motion to dismiss, Defendant even argues that Plaintiff's FMLA claims should not "survive summary judgment." ECF No. 191 at 4. Ultimately, Defendant raises evidence outside of the pleadings to support its "motion to dismiss" which is not proper for a Rule 12(b)(6) motion to dismiss, and the court declines to convert Defendant's motion into an untimely motion for summary judgment.

In support of its motion to dismiss Defendant attaches as exhibits an "FMLA Request Form from January 9, 2015" (labeled "Exhibit A") and a "DOL's Denial of FMLA Request" (labeled "Exhibit B"). ECF Nos. 191-1, 191-2. Defendant also cites filings and discovery evidence outside of the complaint, including identifications and joint exhibits for documentary evidence which appear in the parties' revised joint proposed pretrial order. See ECF No. 191 at 3; ECF No. 187 at 90, 96. None of these exhibits or the evidence to which Defendant cites was part of the complaint, nor were they expressly incorporated therein. Therefore, to consider such evidence in resolving the motion is improper for the court to use when deciding a Rule 12(b)(6) motion to dismiss unless the motion to dismiss is converted to a motion for summary judgment.

However, this case is far beyond the summary judgment stage. Defendant failed to bring the above arguments and its related evidence in a motion for summary judgment filed before the deadline for dispositive motions. ECF No. 149 at 1. This is despite Defendant having been granted multiple extensions to file motions for summary judgment. On August 30, 2019, the court held an initial scheduling conference and the deadline to file dispositive motions was set for January 30, 2020. ECF No. 40. On September 6, 2019, the court ordered that "[a]ll the directives and deadlines set at the Initial Scheduling Conference (ECF No. 40) remain binding on the parties. The parties shall not amend those deadlines on their own without prior leave from the court." ECF No. 44. On November 11, 2020, over nine months after the deadline to file dispositive motions expired, Defendants requested an extension of time to file a motion for summary judgment. ECF No. 99. Due to still outstanding discovery matters, the court granted both parties an extension until May 10, 2021 to file dispositive motions. ECF No. 115 at 2. Even after having been granted this extension, Defendant missed that deadline and filed a motion for summary judgment one day late on May 11, 2021. ECF Nos. 129, 130. The court struck Defendant's motion for summary judgment as well as Plaintiff's responses because both Defendant and Plaintiff's filings were not in compliance with the Local Rules of the court. ECF No. 149. Even despite those failings, the court permitted Defendant to refile its motion for summary judgment and set a final filing deadline for October 4, 2021. ECF No. 149. When Defendant eventually did file its motion for summary judgment on October 4, 2021, it could have raised the arguments and evidence contained in the instant motion but did not. ECF Nos. 151, 152, 153. In fact, Defendant only raised a one paragraph challenge to Plaintiff's FMLA claims at the summary judgment stage, which was briefly disposed of by the court in its subsequent opinion and order. ECF No. 153 at 25; ECF No. 159 at 72. The court issued its

opinion and order granting-in-part and denying-in-part Defendant's motion for summary judgment on March 24, 2022. ECF No. 159.[3]

Considering Defendant's repeated failings to comply with deadlines and the Local Rules and its decision not to bring the instant arguments at summary judgment, it is especially inappropriate at this juncture to allow Defendant to file what is in effect a new motion for summary judgment on June 10, 2022—nearly seven months after the extended deadline for summary judgment and nearly two-and-one-half years after the original deadline for dispositive motions. The Defendant will not be permitted to circumvent the deadlines established by the court with a new motion for summary judgment mislabeled under the heading of a Rule 12(b)(1) motion to dismiss. Therefore the court declines to convert Defendant's motion to dismiss into a renewed motion for summary judgment. Nevertheless, nothing prevents Defendant from introducing evidence and making similar arguments as contained in its above motion as part of a Rule 50 motion, should one be appropriate in light of the evidence introduced at trial. At this time, however, Defendant's third motion to dismiss Plaintiff's FMLA claims cannot be considered on its merits because of its procedural and timeliness deficiencies. Nothing stated in this opinion and order should be construed as an expression or indication as to how the court would rule on a Rule 50 motion should one be raised at trial.

### F.  Plaintiff's Request for Sanctions

Finally, in his motion in opposition, Plaintiff correctly asserts that Defendant's arguments in its third motion to dismiss "are not at all about 'lack of subject matter jurisdiction'" and requests that monetary sanctions be imposed on Defendant for the filing of the third untimely motion to dismiss which was not jurisdictional in nature. ECF No. 210 at 8. ECF No. 210 at 6.

---

[3] Defendant also gives no indication that the evidence to which Defendant now cites in its third motion to dismiss was recently discovered or otherwise unavailable until after the deadline for summary judgment.

As explained in the court's opinion and order disposing of Defendant's second untimely motion to dismiss (ECF No. 249), Defendant's second untimely motion to dismiss was also an untimely and improperly labeled Rule 12(b)(1) motion. ECF No. 249 at 28–31. Even so, the court denies Plaintiff's request for sanctions without prejudice. Plaintiff may renew the request for sanctions once the trial in this case has concluded.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's "Motion to Dismiss Plaintiff's Family Medical Leave Act Claims Based on Lack of Subject Matter Jurisdiction" is DENIED. Plaintiff's request for sanctions against Defendant is also DENIED WITHOUT PREJUDICE. Both of Plaintiff's remaining FMLA retaliation and interference claims will therefore survive for trial.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 19th day of July, 2022.

s/Marcos E. López
U.S. Magistrate Judge