IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ORLANDO GONZÁLEZ TOMASINI,

    Plaintiff,

        v.                          CIVIL NO.: 17-1552 (MEL)

UNITED STATES POSTAL SERVICE, et al.,

    Defendants.

**OPINION & ORDER**

Pending before the court is Plaintiff Orlando González Tomasini's ("Plaintiff") motion *in limine* "To Admit Defendant's Judicial Admissions." ECF No. 197. In the motion, Plaintiff contends that certain statements which Defendant United States Postal Service ("USPS" or "Defendant") made at the summary judgment stage and in the filing of a motion to dismiss are judicial admissions that are binding upon Defendant. ECF No. 197 at 1–2, 4. Defendant filed an omnibus response in opposition to Plaintiff's motion *in limine* and other motions *in limine* which Plaintiff filed. ECF No. 212.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On December 17, 2018 Plaintiff filed an amended complaint against USPS and its Postmaster General in his official capacity. ECF No. 28.[1] In his complaint, Plaintiff alleges violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., the Rehabilitation Act, 29 U.S.C. § 791 et seq., and the Family Medical Leave Act ("FMLA"), 29

---

[1] At the time the suit was filed, the Postmaster General of the United States was Megan J. Brennan, but Louis Dejoy has since assumed the post. Under Federal Rule of Civil Procedure 25(d), when a suit is commenced against a public officer in their official capacity who then ceases to hold office and is replaced, then "[t]he officer's successor is automatically substituted as a party."

U.S.C. § 2601 et seq.[2] Plaintiff alleges that his employer, the USPS, subjected him to age and disability discrimination, interfered with his substantive rights under the FMLA, and retaliated against the Plaintiff for protected activity under each of the above Acts. Defendant filed a motion for summary judgment which was granted in part and denied in part on March 24, 2022. ECF No. 159. Thereafter, on May 27, 2022, May 31, 2022, and June 10, 2022 Defendant filed three motions to dismiss Plaintiff's Rehabilitation Act and FMLA claims ostensibly for lack of subject matter jurisdiction under Rule 12(b)(1). ECF Nos. 180, 183, 191.

## II. ANALYSIS

Plaintiff now argues in his instant motion *in limine* that certain statements which Defendant made in its motion for summary judgment and in a motion to dismiss should be construed as judicial admissions. ECF No. 197 at 1–2. First, Plaintiff identifies five statements which Defendant made either in its motion for summary judgment or proposed statement of material fact in support of its motion for summary judgment. ECF No. 197 at 1–2. Defendant's statements are as follows:

(1) "[Plaintiff] could perform the essential functions of the job, with or without reasonable accommodation[.]" ECF No. 153 at 14.

(2) "Most postal employees at Bayamón Branch considered Santos a bully, abrasive because he gave direct instructions." ECF No. 152 at 3, ¶ 25.

(3) "Plaintiff provided the CA-17 for the accident of 2013 [April 16, 2013] to Manager Lugo, before Santos became his supervisor. Manager Lugo abided by Plaintiff's limited duty on the CA-17." ECF No. 152, at 5, ¶ 39.

---

[2] Plaintiff's claims for violations of the Federal Tort Claims Act ("FTCA") and Puerto Rico law claims under 31 L.P.R.A. §§ 5141, 5142 were dismissed by the court when ruling upon Defendant's original motion to dismiss filed on September 4, 2019. ECF No. 46.

      (4) "[Plaintiff Gonzalez's] limited duties in connection with the 2013 accident and listed in his CA-17 included No Overtime and he indicated he could not work overtime." ECF No. 152, at 5, ¶ 40.

      (5) "Starting in August 2014 Santos asked Plaintiff for medical documentation about his alleged injuries and requests for limited duties." ECF No. 152, at 5, ¶ 46.

ECF No. 197 at 1–2. Additionally, Plaintiff requests that a statement which Defendant made in its motion to dismiss his FMLA claims for lack of subject matter jurisdiction be deemed a judicial admission. ECF No. 197 at 2. That statement reads, "Upon finding interference of that award by the supervisor (i.e., Plaintiff was placed in LWOP status), the employer reverted the determination of the supervisor and removed a disciplinary measure taken by the supervisor (i.e., a 7-Day Warning Letter)." ECF No. 191 at 5. The Plaintiff requests that all the above statements be taken as "judicial admissions" and that the Court "allow [Plaintiff] to introduce the judicial admissions cited above and preclude the Defendant USPS from introducing any evidence or from making any argument contrary to these judicial admissions." ECF No. 197 at 4. Defendant argues in its opposition to Plaintiff's motion *in limine* that the above statements were legal argument and should not be taken as "conclusively binding judicial admissions." ECF No. 212 at 18.

      "Judicial admissions are formal concessions in the *pleadings*, or *stipulations* by a party or its counsel, that are binding upon the party making them. They may not be controverted at trial or on appeal. Indeed, they are "not evidence at all but rather have the effect of withdrawing a fact from contention." Keller v. United States, 58 F.3d 1194, n. 8 (7th Cir. 1995) (emphasis added). Additionally, a judicial admission binds the party which made that admission, "throughout the course of the proceeding." Schott Motorcycle Supply Inc. v. Am. Honda Motor Co., 976 F.2d 58,

61 (1st Cir. 1992) (citing <u>Bellefonte Re Insurance Co. v. Argonaut Insurance Co.</u>, 757 F.2d 523, 528 (2d Cir. 1985). Black's Law Dictionary defines "pleading" as "[a] formal document in which a party to a legal proceeding (esp. a civil lawsuit) sets forth or responds to allegations, claims, denials, or defenses. [] In federal civil procedure, the main pleadings are the plaintiff's complaint and the defendant's answer." PLEADING, Black's Law Dictionary (11th ed. 2019). "Stipulation" is defined by Black's Law Dictionary as "[a] voluntary agreement between opposing parties concerning some relevant point; esp., an agreement relating to a proceeding, made by attorneys representing adverse parties to the proceeding." STIPULATION, Black's Law Dictionary (11th ed. 2019). Additionally, in contrast to formal judicial admissions made in pleadings or stipulations, statements such as those made in "support of a motion for summary judgment" are ordinary party admissions which "are admissible but can be rebutted by other evidence[.]" <u>Atlas Glass & Mirror, Inc. v. Tri-North Builders, Inc.</u>, 997 F.3d 367, 373 (1st Cir. 2021) (citing <u>United States v. Belculfine</u>, 527 F.2d 941, 944 (1st Cir. 1975)); <u>Behlau v. Tiger Tiger Productions, LLC</u>, 2021 WL 981672 at *4 (D.N.H. March 16, 2021).

There are two major problems with Plaintiff's argument. First, the statements which he argues constitute judicial admissions were not formal statements made either in the pleadings or as stipulations. A motion for summary judgment meets neither definition for a pleading because it is neither a complaint nor an answer to the complaint. Nor were the statements made as stipulations. Indeed, the statements of fact offered as part of Defendant's motion for summary judgment are "*proposed* statement of material facts" and by filing that proposed statement the parties do not come to a voluntary agreement which transforms those statements of fact into a list of stipulations for trial.[3] Statements made at summary judgment are therefore not a "pleading"

---

[3] Although proposed statements of material fact at summary judgment are not offered by a party as a stipulation for the establishment of a fact at trial, nothing impedes the parties, in the interest of efficiency, from making stipulations

nor a "stipulation" so as to establish a binding judicial admission. Rather, as a matter of law, statements made in support of a motion in summary judgment, such as the ones Defendant made, are ordinary party admissions that are not "conclusive on the party making them." Atlas Glass & Mirror, Inc., 997 F.3d at 373 ("Unlike ordinary admissions, which are admissible but can be rebutted by other evidence, judicial admissions are conclusive on the party making them.").

  Secondly, Defendant's motion to dismiss (ECF No. 191)—which contains what Plaintiff alleges is a "judicial admission"—was not a responsive pleading and it was filed on June 10, 2022, which was nearly three-and-one-half years after Defendant filed its answer to the amended complaint on February 7, 2019. ECF Nos. 29, 191. Furthermore, although the content of Defendant's motion to dismiss argued that Plaintiff failed to show evidence establishing a prima facie case, thereby resembling a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Defendant relied on evidence outside of the compliant in contravention of the requirement that in deciding a Rule 12(b)(6) motion the court "not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alt. Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001). Defendant's motion to dismiss (ECF No. 191) was denied as an untimely attempt to convert a Rule 12(b)(6) motion into a motion for summary judgment, thereby circumventing the deadlines previously established by the court. ECF No. 250 at 10–12. Accordingly, Defendant's motion to dismiss cannot be accurately described as either a pleading or as a stipulation which creates a binding judicial admission.

---

concerning facts about which the parties were in agreement at the summary judgment stage and which are not genuinely in controversy.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion *in limine* "To Admit Defendant's Judicial Admissions" (ECF No. 197) is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 19th day of July, 2022.

s/Marcos E. López<br>
U.S. Magistrate Judge