IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ORLANDO GONZÁLEZ TOMASINI,

    Plaintiff,

    v.

UNITED STATES POSTAL SERVICE, et al.,

    Defendants.

CIVIL NO.: 17-1552 (MEL)

**OPINION & ORDER**

Pending before the court are Defendant United States Postal Service's ("Defendant") motions *in limine* to exclude the expert testimony at trial of María T. Margarida Juliá, Psy.D. ("Dr. Margarida"). ECF Nos. 204, 205. In the motions, Defendant requests that Dr. Margarida's testimony, whom Plaintiff Orlando González Tomasini ("Plaintiff") has declared as an expert witness, be excluded from trial on <u>Daubert</u> grounds and, in the alternative, requests a <u>Daubert</u> hearing before trial. ECF No. 204. Defendant also filed a second motion docketed as "Supplemental Motion *In Limine*" requesting the court to "take notice" of a Memorandum and Order issued in an unrelated criminal case from 2013 in which Dr. Margarida's expert opinion was found unreliable. ECF No. 205. Plaintiff filed a single motion in opposition to both of Defendant's motions *in limine* regarding Dr. Margarida. ECF No. 211.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

On December 17, 2018 Plaintiff filed an amended complaint against USPS and its Postmaster General in his official capacity. ECF No. 28. In his complaint, Plaintiff alleges violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., the Rehabilitation Act, 29 U.S.C. § 791 et seq., and the Family Medical Leave Act ("FMLA"), 29

U.S.C. § 2601 et seq.[1] Plaintiff alleges that his employer, the USPS, subjected him to age and disability discrimination, interfered with his substantive rights under the FMLA, and retaliated against the Plaintiff for protected activity under each of the above Acts. Defendant filed a motion for summary judgment which was granted in part and denied in part on March 24, 2022. ECF No. 159. The parties filed their revised joint proposed pretrial order on June 8, 2022. ECF No. 187. In the revised joint proposed pretrial order, Plaintiff declared his intent to call Dr. Margarida as an expert witness at trial "who will testify as to her evaluation of Plaintiff González Tomasini and will offer her opinion as to his serious mental and emotional damages caused by the Defendant USPS." ECF No. 187 at 100. Dr. Margarida conducted a "Neuropsychological Evaluation" of Plaintiff on September 16, 2019 which contains her findings and conclusions and has been submitted by Plaintiff as Dr. Margarida's "expert report" and attached both to Plaintiff's response in opposition to Defendant's motion *in limine* and as an exhibit to an informative motion requested by the court. ECF Nos. 211-1, 232-1.

**II.   LEGAL STANDARD**

In Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), the Supreme Court "vested in trial judges a gatekeeper function, requiring that they assess proffered expert scientific testimony for reliability before admitting it." Milward v. Acuity Specialty Prod. Grp., Inc., 639 F.3d 11, 14 (1st Cir. 2011). The Supreme Court later "clarified that courts have this function with respect to all expert testimony, not just scientific." Id. at 14 n.1 (citing Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999)). Rule 702 of the Federal Rules of Evidence was amended to reflect the Supreme Court's decision in Daubert. Fed. R. Evid. 702 advisory

---

[1] Plaintiff's claims for violations of the Federal Tort Claims Act ("FTCA") and Puerto Rico law claims under 31 L.P.R.A. §§ 5141, 5142 were dismissed by the court when ruling upon Defendant's original motion to dismiss filed on September 4, 2019. ECF No. 46.

committee's note to 2000 Amendments ("Rule 702 has been amended in response to [Daubert], and to the many cases applying Daubert, including [Kumho, 526 U.S. 137 (1999)]."). However, "[t]he Rule 702 inquiry is a 'flexible one,' . . . and there is no particular procedure that the trial court is required to follow in executing its gatekeeping function under Daubert." United States v. Díaz, 300 F.3d 66, 73 (1st Cir. 2002) (also citing United States v. Nichols, 169 F.3d 1255, 1262–64 (10th Cir. 1999) (the trial court has discretion not to hold pretrial evidentiary reliability hearing in carrying out its gatekeeping function). Finally, even when expert testimony is admitted, the Supreme Court in Daubert noted that "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596.

### III.   ANALYSIS

#### A. Defendant's Objections Regarding Dr. Margarida Are Issues of Weight

Defendant "submits that Dr. Margarida may indeed be qualified to testify about Plaintiff's alleged mental condition in 2019 based on her training and experience[.]" ECF No. 204 at 6. Defendant nevertheless argues that "[w]hat disqualifies her from testifying as an expert witness in this case, however, is the limited nature of the matters address[ed] during her evaluation and the fact that her conclusions are regarding Plaintiff's state of mind almost four (4) years after he left his employment at the USPS on October 29, 2015, his last day of work." ECF No. 204 at 6. Defendant contends that Dr. Margarida's conclusions, in addition to being rendered four years after Plaintiff left the employ of the USPS, fail to indicate how other circumstances in Plaintiff's life affected his mental and emotion health, such as,

> (i) [experiencing a] federal prosecution for false claims in 2016, (ii) having been suspended from his job during the pendency of federal charges in compliance with the provisions of the National Association of Letter Carriers Agreement, (iii) having chosen not to return to work after his acquittal in November 2016, (iv) having gone through an acrimonious divorce and custody batt[le] with [Plaintiff's ex-wife] Juliette Irizarry [("Ms. Irizarry")] in 2017 and 2018, and (v) having been investigated for allegations of sexual misconduct regarding Juliette Irizarry's minor daughter[.]

ECF No. 204 at 6. As a result, Defendant requests that the court exclude Dr. Margarida's testimony, or in the alternative, conduct a Daubert hearing before trial to complete a "preliminary evaluation of the proffered expert testimony for both technical and scientific reliability and relevance." ECF No. 204 at 7.

However, it is clear from Defendant's motions *in limine* that Defendant's objections concern the weight of Dr. Margarida's testimony rather than its admissibility or reliability under Daubert. At trial, Defendant is welcome to exercise the traditional and appropriate means of attacking Dr. Margarida's testimony, such as "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." Daubert, 509 U.S. at 596. Defendant is welcome to cross-exam Dr. Margarida on the fact that her examination of Plaintiff occurred nearly four years after Defendant stopped working at the USPS Office in Bayamón—information which the jury is entitled to hear in weighing the value of Dr. Margarida's assessment of Plaintiff. Additionally, in Dr. Margarida's "Forensic Opinion and Conclusions" section, she makes clear that her assessment was conducted while Plaintiff had "a civil suit against U.S. Postal Services [sic] for damages and punitive damages"—a fact which Defendant could identify on cross-examination as a potential source of bias in the results of Dr. Margarida's evaluation, given that she was hired to conduct the evaluation in preparation for Plaintiff's civil suit. ECF No. 232-1 at 10. Finally, Dr. Margarida's report does indeed mention the circumstances such as Plaintiff's arrest and federal prosecution in 2016 and his divorce and

custody battle. However, if Defendant believes that Dr. Margarida's conclusions unduly focus on Plaintiff's allegations against the USPS, this is an issue of weight and fertile ground for cross-examination. See Fed. R. Evid. 607. In sum, Defendant's objections concern how much weight the jury should give Dr. Margarida's testimony rather than its reliability for purposes of admissibility under Daubert. Therefore, Dr. Margarida shall not be precluded from testifying as an expert witness at trial.

### B. Whether Dr. Margarida Can Be Cross Examined Regarding the Criminal Investigations into Plaintiff and his Stepdaughter or the Protective Orders Sought or Obtained by Ms. Irizarry

However, Defendant's motion *in limine* raises two particular concerns regarding two areas of cross examination which may become pertinent at trial: (1) The three criminal complaints made by Plaintiff's ex-wife in Florida, Virginia, and Puerto Rico which resulted in Plaintiff being investigated for "sexual abuse" or "lascivious conduct" with his minor stepdaughter. (ECF No. 200 at 2; ECF No. 212 at 7), and (2) the three protective orders which Ms. Irizarry sought against Plaintiff in Florida, Virginia, and Puerto Rico. ECF No. 201 at 2. Defendant argues that Dr. Margarida's conclusions did not consider that Plaintiff was "investigated for allegations of sexual misconduct regarding Juliette Irizarry's minor daughter" and how that affected his emotional condition. ECF No. 204 at 6. It is true that Dr. Margarida's expert report makes no specific reference to the criminal investigations regarding allegations that Plaintiff had sexually abused or committed lascivious acts with his stepdaughter. Additionally, while Dr. Margarida's expert report makes frequent reference to Plaintiff's "divorce," there is no specific mention of the protective orders sought by Ms. Irizarry against Plaintiff. Therefore, as mentioned above, it is not clear from Dr. Margarida's report that she was aware of or considered the criminal investigations and protective orders as stressors affecting Plaintiff's mental health.

5

The court is therefore compelled to address these issues insofar as they present grounds for cross-examination of Dr. Margarida, particularly because the Plaintiff also filed a motion *in limine* to exclude from trial any reference to both the criminal investigations and the protective orders. ECF Nos. 200, 201.

   1. **The Criminal Investigations**

Federal Rule of Evidence 403 provides that relevant evidence must be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Court of Appeals for the First Circuit has highlighted that Rule 403 is designed to protect only "against unfair prejudice, not against all prejudice." United States v. Whitney, 524 F.3d 134, 141 (1st Cir. 2008); see also United States v. Bauzó Santiago, 51 F. Supp. 3d 198, 199 (D.P.R. 2014) ("In balancing the scales of Rule 403, it is important to note that only unfair prejudice is to be avoided, as by design all evidence is meant to be prejudicial") (citation and internal quotation omitted). "Unfair prejudice" typically means that the evidence invites the jury to render a verdict on an improper basis. United States v. Varoudakis, 233 F.3d 113, 122 (1st Cir. 2000) ("'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, *though not necessarily,* an emotional one.") (citing Fed. R. Evid. 403 advisory committee's note to 1972 Proposed Rules) (emphasis in original). For example, the Court of Appeals for the First Circuit has declared that courts should be cautious in admitting evidence regarding a "shocking or heinous crime likely to inflame the jury." Id. (citing United States v. Moccia, 681 F.2d 61, 64 (1st Cir. 1982)).

In this case, the probative value of cross-examining Dr. Margarida about whether she considered the criminal investigations of which Plaintiff was aware in her evaluation is vastly

outweighed by the potential for unfair prejudice. The targets of some criminal investigations are sometimes not even aware that they are being investigated, and so the existence of the criminal investigations into Plaintiff may not have caused him psychological or emotional stress at the time of his evaluation with Dr. Margarida. Even if Plaintiff was aware of those investigations, it is unclear which, if any, of those investigations had been closed prior to the rendering of Dr. Margarida's expert report. Furthermore, Dr. Margarida's expert report identifies other circumstances which could have been stressors producing Plaintiff's psychological harm about which Defendant can cross-examine Dr. Margarida.

However, there is significant risk of unfair prejudice if the Defendant is allowed to raise this information to cross examine Dr. Margarida. At trial, the jury's passions may be inflamed upon hearing any indication that Plaintiff was accused of lascivious acts or sexual abuse of his own stepdaughter, let alone that investigations were launched and—according to Plaintiff—one of which is still ongoing. ECF No. 200 at 3. Such prejudice against Plaintiff is unfair because the evidence of those criminal investigations, which have little probative value with regards to Dr. Margarida's expert testimony, would invite the jury to render a verdict based on an improper or emotional reaction upon learning that Plaintiff has been accused of and investigated for a sexual crime with a child. Furthermore, any limiting instruction regarding the introduction of such evidence only for the purpose of cross-examining Dr. Margarida is unlikely to lessen the unfair prejudice if the jury hears evidence regarding the criminal investigations involving Plaintiff and his stepdaughter, particularly since neither party has informed that Plaintiff has been convicted of any crime. Therefore, Defendant is precluded from any mention of the criminal complaints or investigations regarding Plaintiff and his stepdaughter during any examination of Dr. Margarida at trial.

### 2. The Protective Orders

In contrast, information about the existence of any of the protective orders sought against Plaintiff by Ms. Irizarry would be admissible for the sole purpose cross-examining Dr. Margarida. There is probative value in questioning Dr. Margarida regarding the protective orders which Ms. Irizarry sought against Plaintiff, particularly to determine whether Dr. Margarida's expert report is a complete assessment of the circumstances causing psychological and emotional harm to Plaintiff beyond his alleged mistreatment by the USPS. ECF No. 201 at 2. If Plaintiff was aware of a protective order, it may have been a stressor impacting Plaintiff's psychological or emotional wellbeing at the time of Plaintiff met with Dr. Margarida for the neuropsychological evaluation.[2] Under these circumstances, the existence of a protective order has probative value regarding the completeness of Dr. Margarida's evaluation of Plaintiff. The extent of the completeness of her evaluation is for the jury to weigh.

In contrast, the risk for undue prejudice to Plaintiff can be minimized in this case if Defendant is permitted only to ask whether Dr. Margarida had been informed of the protective order against Plaintiff without asking about the details or entering into the reasons for the issuance of the protective order, insofar as those details could lead to the divulging of information which could cause undue prejudice such as allegations of violence or abuse on the part of Plaintiff, and particularly if the protective order was obtained as a result of allegations involving Plaintiff's behavior with his minor stepdaughter. Therefore, the existence of a temporary protective order—if in effect and if Plaintiff was aware of the order at the time of his

---

[2] If any protective order was issued after Plaintiff's evaluation or if Plaintiff only became aware of the order after his evaluation by Dr. Margarida, any mention of the protective order on cross examination of Dr. Margarida is irrelevant and is excluded.

evaluation by Dr. Margarida—is admissible for the sole and limited purpose of cross-examining Dr. Margarida on the completeness of her expert opinion.

### C. Defendant's "Supplemental Motion *In Limine*" Has No Bearing on the Court's Determination.

Finally, in Defendant's "Supplement to Motion to Exclude Irrelevant Expert Testimony (María T. Margarida)," Defendant "respectfully submits the Memorandum Opinion in United States v. Alexis Candelario-Santana, Crim. Case No. 09-427 (JAF), where the Court found Dr. Maria Margarida, Psy.D.'s analysis and testimony to be unreliable and inadmissible in support of our request for exclusion of her testimony, or in the alternative the scheduling of Daubert hearing before the admission of her testimony." ECF No. 205 at 2.

However, a reading of the court's memorandum opinion in Alexis Candelario-Santana with regard to Dr. Margarida's testimony reveals that case involved completely different issues and different proposed testimony by Dr. Margarida than in the case currently before the court. Namely, Plaintiff has announced Dr. Margarida as an expert witness on Plaintiff's "mental and emotional damages caused by the Defendant USPS." ECF No. 187 at 100. In contrast, Alexis Candelario-Santana involved a criminal matter and whether "the Defendant, . . . [was] mentally retarded for the purposes of Atkins v. Virginia 536 U.S. 304 (2002) and the Federal Death Penalty Act, , 18 U.S.C. § 3596(c)." ECF No. 205-1 at 1.

The court's decision in Alexis Candelario-Santana was made on January 8, 2013, and in the intervening years Dr. Margarida may have received more education or gained more experience, changed her methods, or otherwise improved her expertise as an expert witness at trial. It would be improper to preclude her from testifying in this case simply because she was barred from testifying in an unrelated case in 2013. Defendant's supplemental motion *in limine* is

therefore noted but will not alter the court's decision regarding the admissibility of Dr. Margarida's expert testimony.[3]

### D. Defendant's Alternative Request to Hold a Daubert Hearing

Finally, as for Defendant's request to hold a Daubert hearing, its motion is untimely. On September 6, 2019, the court ordered that "[a]ny Daubert motions to exclude expert testimony are due on the same day that dispositive motions are due." ECF No. 44. The amended deadline to file dispositive motions expired on October 4, 2021. ECF No. 149. Therefore, Defendant's filing of the instant motion requesting to exclude Dr. Margarida's testimony on June 20, 2022 is approximately eight months late. Furthermore, based on the above analysis, there is nothing to gain by holding a last minute Daubert hearing, as Defendant does not raise a serious issue of reliability with Dr. Margarida's report and instead has ample grounds upon which to cross-examine Dr. Margarida at trial. In observing its gatekeeping function for expert testimony, the court therefore exercises its discretion and Defendant's request for a pretrial Daubert hearing is denied.

---

[3] In its supplemental motion *in limine* Defendant also makes an argument that "Plaintiff failed to produce to the Defendant during discovery the raw data used by Dr. Margarida to reach her conclusions." ECF No. 205 at 3. It is not clear to the court to what Defendant refers by "raw data" and Defendant does not cite to the record or to any legal authority on the matter. However, the "Methodology" section of Dr. Margarida's expert report clearly lists the "psychological tests" and documents she reviewed in producing the report as well as disclosing that she conducted a "Clinical Interview and Observation of [Plaintiff]." ECF No. 232-1. Plaintiff informed the court in its motion *in limine* that Dr. Margarida's expert report was provided to Defendant as part of Plaintiff's pretrial disclosures. ECF No. 211 at 13. Therefore, Defendant's argument regarding the discovery of "raw data" is unpersuasive. Moreover, it has been raised in an untimely manner after the discovery phase of the case has concluded.

### IV.  CONCLUSION

For the foregoing reasons, Defendant's motions to exclude the testimony of Dr. Margarida or in the alternative to hold a Daubert hearing (ECF Nos. 204, 205.) are DENIED. Defendant's request for the court to "take notice of the enclosed Memorandum and Order" regarding Dr. Margarida's testimony (ECF No. 205) is NOTED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 19th day of July, 2022.

s/Marcos E. López
U.S. Magistrate Judge
