**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ORLANDO GONZÁLEZ TOMASINI, | |
| Plaintiff, | |
| v. | CIVIL NO.: 17-1552 (MEL) |
| UNITED STATES POSTAL SERVICE, et al., | |
| Defendants. | |

**OPINION & ORDER**

Pending before the court is Plaintiff Orlando Gonzalez Tomasini's ("Plaintiff") motion *in limine* to preclude Defendant United States Postal Service ("USPS") from presenting witnesses and documentary evidence at trial that were not announced during discovery or in the parties' original joint proposed pretrial order. ECF No. 202. Defendant filed an omnibus response in opposition to this motion *in limine* filed by Plaintiff and the other motions *in limine* which Plaintiff has also filed. ECF No. 212.

I.    FACTUAL AND PROCEDURAL BACKGROUND

On December 17, 2018 Plaintiff filed an amended complaint against USPS and its Postmaster General in his official capacity. ECF No. 28. In his complaint, Plaintiff alleges violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., the Rehabilitation Act, 29 U.S.C. § 791 et seq., and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.[1] Plaintiff alleges that his employer, the USPS, subjected him to age and disability discrimination, interfered with his substantive rights under the FMLA, and retaliated

---

[1] Plaintiff's claims for violations of the Federal Tort Claims Act ("FTCA") and Puerto Rico law claims under 31 L.P.R.A. §§ 5141, 5142 were dismissed by the court when ruling upon Defendant's original motion to dismiss filed on September 4, 2019. ECF No. 46.

against the Plaintiff for protected activity under each of the above Acts. On December 2, 2020 the parties filed their first joint proposed pretrial order. ECF No. 107 ("the original join proposed pretrial order."). Subsequently, Defendant filed a motion for summary judgment on October 4, 2021 which was granted in part and denied in part on March 24, 2022. ECF No. 159. In light of the court's resolution of summary judgment dismissing certain claims, the parties were ordered to file a revised joint proposed pretrial order, which the parties filed on June 8, 2022. ECF No. 187. Plaintiff now brings the instant motion seeking to exclude from trial three categories of evidence or testimony which Defendant proposed in the revised joint proposed pretrial order: (1) four of Defendant's proposed fact witnesses which Plaintiff contends were not disclosed in discovery or in the original joint proposed order; (2) Defendant's expert witness which Plaintiff contends was disclosed beyond the deadline for announcing expert witnesses; and (3) certain documents which Plaintiff asserts were never produced by Defendant during discovery. ECF No. 202 at 2–4. Each category of evidence is addressed in turn below.

## II.  LEGAL STANDARD

"District courts have considerable autonomy in managing discovery proceedings. This authority extends both to setting disclosure deadlines and meting out sanctions when parties fail to honor such deadlines." González Rivera v. Centro Médico Del Turabo, Inc., 931 F.3d 23, 27 (1st Cir. 2019). Federal Rule of Civil Procedure 26(a)(1)(A) requires a party, "without awaiting a discovery request, provide to the other parties . . . (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]" Fed. R. Civ. P. 26(a)(1)(A)– (a)(1)(A).

For expert witness, Federal Rule of Civil Procedure 26(a)(2)(A) mandates that the parties disclose the identity of all expert witness whom they intend to call at trial. Expert witnesses must also produce a written expert report containing, amongst other items, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B). Furthermore, Federal Rule of Civil Procedure 26(a)(2)(D) requires that for expert witnesses, "a party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). "Scheduling orders are essential tools for modern-day case management, and litigants flout such orders at their peril." González Rivera, 931 F.3d at 27.

Accordingly, Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was *substantially justified or is harmless*." Fed. R. Civ. P. 37(c)(1) (emphasis added). Therefore, preclusion of a witness "is not a strictly mechanical exercise" and Rule 37(c)(1) provides for alternative sanctions. Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 78 (1st Cir. 2009). When a court is to determine whether to preclude a witness or whether the Rule 26 violation was substantially justified or harmless, the court is to "account for the totality of the circumstances" and consider "a host of factors, including: (1) the history of the litigation; (2) the sanctioned party's need for the precluded evidence; (3) the sanctioned party's justification (or lack of one) for its late disclosure; (4) the opponent-party's ability to overcome the late disclosure's adverse effects—e.g., the surprise and prejudice associated with the late disclosure; and (5) the late disclosure's impact on the district court's docket." González Rivera, 931 F.3d at 27; Esposito, 590 F.3d at 78 (citing Macaulay v. Anas, 321 F.3d 45, 51 (1st Cir. 2013)) (internal quotations omitted).

3

### III.   ANALYSIS

#### A.  Request to Exclude Four of Defendant's Fact Witnesses

First, Plaintiff contends that "Defendant did not list Guillermo Dávila ("Mr. Dávila"),

Mayra Mendoza ("Ms. Mendoza"), Madeline Cortés ("Ms. Cortés"), or Carmelo Moyeno ("Mr.

Moyeno") as individuals likely to have discoverable information as required by Federal Rule of

Civil Procedure 26(a)(1)(A) or witnesses in the originally filed joint proposed pretrial order filed

on December 2, 2020 (ECF No. 107 at 62–63). ECF No. 202 at 3. Therefore, Plaintiff requests

that that the court preclude these four witnesses from testifying at trial. Defendant does not

dispute that it did not disclose Mr. Dávila, Ms. Mendoza, Ms. Cortés, or Mr. Moyeno in its Rule

26(a)(1) disclosures but contends that witness exclusion is "too severe a sanction" without a

determination of actual harm when the parties were clearly aware of the potential witnesses at

issue. ECF No. 212 at 8–9. Both parties' arguments are analyzed below.

Regarding the history litigation, the Defendant has repeatedly failed to meet deadlines set

by the court—particularly with dispositive motions—which has significantly impacted the

docket of the court. On August 30, 2019, the court held an initial scheduling conference and the

deadline to file dispositive motions was set for January 30, 2020. ECF No. 40. On September 4,

2019 Defendant filed a "Motion to Dismiss for Lack of Jurisdiction" regarding Plaintiff's failure

to exhaust administrative remedies with regard to any claim under the Federal Tort Claim Act

and claims under Puerto Rico law, 31 L.P.R.A. §§ 5141, 5142. ECF No. 43. The Court granted

Defendant's motion to dismiss on September 19, 2019. ECF No. 46. At that juncture, Defendant

did not raise a motion to dismiss as to any other claim on any other grounds, including

jurisdiction.

On September 6, 2019, the court ordered that "[a]ll the directives and deadlines set at the Initial Scheduling Conference (ECF No. 40) remain binding on the parties. The parties shall not amend those deadlines on their own without prior leave from the court." ECF No. 44. However, the deadline for dispositive motions came and went on January 20, 2020 without Defendant filing any additional dispositive motions—either motions to dismiss on jurisdictional grounds or motions for summary judgment. Nevertheless, on November 11, 2020, over nine months after the original deadline to file dispositive motions expired, Defendants requested an extension of time to file a motion for summary judgment. ECF No. 99. Due to still outstanding discovery matters, the court granted both parties an extension until May 10, 2021 to file dispositive motions. ECF No. 115 at 2. Even after having been granted this extension, Defendant missed that deadline and filed a motion for summary judgment one day late on May 11, 2021. ECF Nos. 129, 130. The court struck Defendant's motion for summary judgment as well Plaintiff's responses because both Defendant and Plaintiff's filings were not in compliance with the Local Rules of the court. ECF No. 149. Despite those failings, the court permitted Defendant to refile its motion for summary judgment and set a final filing deadline for October 4, 2021. ECF No. 149. After Defendant succeeded in timely filing a motion for summary judgment, the court resolved said motion on March 24, 2022. ECF No. 159.

After entering the court's order and opinion disposing of Defendant's motion for summary judgment, the court ordered the parties to file a revised joint proposed pretrial order on April 18, 2022, considering the court's decision regarding summary judgment. ECF No. 160 at 1. The court also set the deadline for April 18, 2022 for the parties to submit proposed *voir dire*, preliminary jury instructions, final jury instructions, and verdict forms. ECF No. 160. However, the parties failed to timely submit the revised joint proposed pretrial order, proposed *voir dire*,

preliminary jury instructions, final jury instructions, and verdict forms before the expiration of the deadline, for which the court issued an order to show cause for the parties' failures. ECF No. 164, 165. Ultimately, the court granted the parties an extension to file the joint proposed pretrial order by June 6, 2022, and even granted a further extension until June 8, 2022 due to unforeseen circumstances outside of the parties' control. ECF Nos. 179 at 2; 182; 185. The parties filed the revised joint proposed pretrial order on June 8, 2022. ECF No. 187.

In spite of Defendant's late filings, less than two months before the trial in this case was set to begin, and almost nine months after the deadline for dispositive motions expired, Defendant filed three motions to dismiss on May 27, 2022, May 31, 2022, and June 10, 2022. ECF Nos. 180, 183, 191. Plaintiff labeled the three motions as Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction, and they were examined by the court. Although the court determined that Defendant's first motion to dismiss for lack of subject matter jurisdiction had merit with regard to certain claims, nothing in that motion raised facts or issues of which Defendant was not aware since the inception of this case or when it filed its first motion to dismiss in September of 2019. Even so, Defendant unjustifiably waited until the last minute to file said motion to dismiss for lack of subject matter jurisdiction. Regarding Plaintiff's other two late-filed motions to dismiss, the court determined that they were not jurisdictional in nature and were therefore untimely Rule 12(b)(6) motions to dismiss or motions for summary judgment. ECF Nos. 249 at 28–31; 250 at 9–12.

Even as the date for trial has approached, Defendant has failed to timely submit pretrial materials. Defendant requested an extension of time to file its proposed verdict form and jury *voir dire* after the deadline established by the court. ECF Nos. 179, 225. Nevertheless, despite

the court granting an extension for Defendant, Defendant still failed to file its proposed *voir dire*

at all. ECF No. 226.

Overall, throughout the course of litigation—which has been extended for over five

years—Defendant's repeated late filings, particularly so close to trial, has negatively impacted

the court's ability to manage the case through the docket. See González Rivera, 931 F.3d at 27.

("[W]e cannot forget that "the district court has an interest in the efficient management of its

docket . . . It follows that [w]henever a party, without good cause, neglects to comply with

reasonable deadlines, the court's ability to manage its docket is compromised.") (internal

quotations omitted). Therefore, both the history of litigation and the negative impact of

Defendant's failure to comply with deadlines are both factors weighing in favor of precluding

Defendant's untimely-announced witnesses in this case. The court now turns to the remaining

factors in the analysis for each of Defendant's four proposed witnesses and its expert "rebuttal

witness."

### 1.   Ms. Madeline Cortés

Defendant did not disclose Ms. Cortés as a fact witness until the most recently filed

revised joint proposed pretrial order filed on June 8, 2020 and provides no justification for her

late disclosure. ECF No. 187 at 101–03. Regarding the sanctioned party's need for the precluded

evidence and the opponent-party's ability to overcome the late disclosure's adverse effects, the

testimony of Ms. Cortés is most problematic of Defendant's four "fact witnesses" which Plaintiff

seeks to exclude from trial. Defendant proposes that Ms. Cortés is an Office of Workers'

Compensation Programs employee who will "explain to the jury the functions of the OWCP, the

responsibilities of an employer under FECA, the benefits available to an employee under FECA,

the responsibilities of a claimant under FECA, and the communications between OWCP and

Plaintiff Orlando González-Tomasini." ECF No. 212 at 12. Defendant submits that Ms. Cortés'
testimony is necessary to avoid "confusion and the incorrect adjudication of facts and law by the
jury." ECF No. 212 at 12. Defendant also states that Ms. Cortes "is *not a fact witness*, but a
witness that can explain OWCP rules, regulations, and documents." ECF No. 212 at 12
(emphasis added). Therefore, Defendant appears to offer Ms. Cortés not as a fact witness to
events in this case but merely to testify as a quasi-legal expert witness on the law and process
surrounding OWCP claims under FECA. Ms. Cortés' qualifications to testify as an expert on any
matter are unclear, and she has not been announced as an expert witness and has not produced an
expert report that the court is aware of. Regardless, "[e]xpert testimony on purely legal issues is
rarely admissible" as "[e]xpert testimony that consists of legal conclusions cannot properly assist
the trier of fact[.]" United States Bank Nat. Ass'n v. James, 741 F. Supp. 2d 337, 341 (D. Me.
2010); Nieves Villanueva v. Soto Rivera, 133 F.3d 92, 100 (1st Cir. 1997). Furthermore,
Plaintiff's lack of notice regarding Ms. Cortés presents a substantial risk of surprise and
prejudice if Ms. Cortés is allowed to present her opinion testimony. Furthermore, as explained in
the court's opinion and order resolving one of Defendant's untimely motions to dismiss for lack
of subject matter jurisdiction, Plaintiff's failure to accommodate claims related to his request for
limited duties as governed by FECA have been dismissed. ECF No. 249 at 28–31. Therefore,
Ms. Cortés' testimony with regard the remaining claims in this case is minimally—if at all—
relevant. Because of the foregoing, with regard to Ms. Cortés, the most appropriate remedy for
Defendant's Rule 26 violation is to preclude the testimony of Ms. Cortés altogether.

    **2. Ms. Mayra Mendoza**

    As for Ms. Mendoza, although Defendant did not disclose Ms. Mendoza in its Rule
26(a)(1) disclosures, it did identify her in its list of witnesses in the initial scheduling

memorandum filed in this case on August 29, 2019. ECF No. 38, at 27. This disclosure gave

Plaintiff sufficient notice about her potential status as a fact witness who may testify at trial, even

despite Defendant's failure to list her in its Rule 26(a)(1) disclosures. Defendant states that

Ms. Mendoza is a "HRM Specialist" and proposes her as a witness who will testify "about her

personal knowledge of [Plaintiff], his work routine, performance, interactions with the personnel

at the Bayamón Branch Office, and filing and prosecution of OWCP claims, including

explanation of communications she had with OWCP and with USPS personnel regarding FECA

claims by Plaintiff." ECF No. 212 at 9. Plaintiff, through cross-examination of Ms. Mendoza and

through the testimony of his own witnesses as to those pertinent facts diminishes any adverse

effect of the late disclosure of Ms. Mendoza as a witness. On balance, taking into account that

Defendant gave notice of Ms. Mendoza in the initial scheduling memorandum and Plaintiff's

ability to cross examine the witness, the court will not preclude Ms. Mendoza from testifying as

to facts still relevant in this case (i.e., as to those claims that are still outstanding and have not

been dismissed by the court).

### 3. Mr. Carmelo Moyeno

As for Mr. Moyeno, his name appears in the list of witnesses in the initial scheduling

conference memorandum. ECF No. 38 at 26. Plaintiff also announced Mr. Moyeno as a witness

in Plaintiff's case-in-chief. ECF No. 187 at 97. At trial, the court will allow a party to call during

its case in chief a witness announced by the opposing party if the party that originally intended to

call that witness decides not to call that witness to the stand. As a witness appearing in Plaintiff's

case-in-chief, it cannot be said that Plaintiff will be surprised or prejudiced by the Defendant's

decision to reserve the right to call Mr. Moyeno as a witness for Defendant. Therefore, the court

finds that Defendant's failure to declare Mr. Moyeno as a witness until the most recent revised

joint proposed pretrial order was harmless, and Defendant may call Mr. Moyeno as a witness at trial.

### 4. Mr. Guillermo Dávila

Finally, regarding Mr. Dávila, Defendant never announced him as a fact witness until the most recently filed joint proposed pretrial order filed June 8, 2020. ECF No. 187 at 101–03. His name was not included in the initial scheduling conference memorandum, and not even in the original joint proposed pretrial memorandum. ECF Nos. 38, at 26-38; 107, at 60-64. In Defendant's response to Plaintiff's motion *in limine*, Defendant writes that "Disclosure of Supervisor Guillermo Dávila as a potential witness was admittedly belated", but offers no justification for the late disclosure. ECF No. 212 at 11. Defendant proposes that Mr. Dávila will testify as to "his knowledge and experience as a supervisor of services and employees at the United States Postal Service in general and at the Bayam[ó]n Branch Office and his personal knowledge of [Plaintiff], his work routine, performance, and interactions with the personnel at the Bayam[ó]n Branch Office." However, if precluded from testifying, Defendant's need for Mr. Dávila does not appear particularly acute as Defendant has proposed to call three other members of management at the Bayamón Branch Office, namely Mr. Moyeno, Supervisor Juan Santos ("Mr. Santos") and Manager Richard Lugo ("Mr. Lugo"), who will provide testimony on the same issues, and two of whom are more directly implicated in the allegedly discriminatory and retaliatory acts which Plaintiff claims he suffered. See ECF No. 187 at 100–01 (proposing that both Mr. Santos and Mr. Lugo will also testify regarding their "personal knowledge of [Plaintiff], his work routine, performance, and interactions with the personnel at the Bayamón Branch Office."). Weighing together all the pertinent factors leads the court to conclude that

preclusion of Mr. Dávila's testimony at trial is an appropriate sanction for Defendant's failure to timely announce him as a witness.

In summary, due to Defendant's failure to abide by its Rule 26(a)(1) obligations and after an examination of the totality of the circumstances, Defendant shall be precluded from calling Ms. Cortés and Mr. Dávila at trial. However, Defendant is permitted to call Ms. Mendoza and Mr. Moyeno.

### B.  Request to Exclude Defendant's Expert or "Rebuttal" Witness

Plaintiff also argues that Dr. Jaime Grodsinsky Schwartz ("Dr. Schwartz") was announced as an expert witness after the deadline to announce experts expired and that Dr. Schwartz' testimony should therefore be excluded from trial. ECF No. 202 at 2–13. Plaintiff includes as an exhibit to its motion *in limine* an email in which, on November 27, 2019, Defendant informed Plaintiff of its intent to use Dr. Schwartz as an expert witness at trial. ECF No. 202-1. Defendant does not dispute that it did not timely announce Dr. Schwartz as an expert witness and argues that that it does not intend to call Dr. Jaime Grodsinsky Schwartz in its case-in-chief, but that it reserves the right to call Dr. Schwartz as a "rebuttal witness should the conditions for rebuttal arise." ECF No. 212 at 13.

In this case, the totality of the circumstances supports excluding Dr. Schwartz's testimony from trial. As already discussed, Defendant has repeatedly failed to comply with a significant number of the court's deadlines in this case, impacting the court's docket negatively, which weighs in favor of precluding Dr. Schwartz from testifying. Specifically with regard to Dr. Schwartz, Defendant clearly missed the deadline to announce Dr. Schwartz as a witness and produce his expert report. On August 30, 2019, the court set the deadlines for the parties to announce their experts and to produce expert reports. ECF No. 40. The court ordered that

Plaintiff disclose his experts' reports by September 30, 2019, and Plaintiff notified the court of its compliance with that deadline on September 27, 2019. ECF Nos. 40, 47 at 2. The court ordered Defendant to identify its expert witnesses by October 31, 2019 and to produce any expert reports by November 29, 2019. ECF No. 40. However, in an email attached as an exhibit to Plaintiff's instant motion *in limine*, Plaintiff informs the court that Defendant did not comply with the above deadlines and only announced Dr. Schwartz as a witness on November 27, 2019. ECF No. 202-1 at 1. Thereby, Defendant missed the deadline to announce Dr. Schwartz by almost a month, and only announced him two days before the deadline to produce Dr. Schwartz's expert report.[2] On that same day, November 27, 2019, Defendant requested an extension of time to complete discovery, including an extension for Dr. Schwartz to review the expert reports which Plaintiff had provided to Defendant. ECF No. 60 at 2. Because Plaintiff did not timely announce Dr. Schwartz, the court denied Defendant's request for an extension to conduct further discovery "regarding expert witnesses not announced by October 31, 2019[.]" ECF No. 77 at 1–2. Accordingly, Defendant did not declare Dr. Schwartz as an expert witness in the original joint proposed pretrial order filed on December 2, 2020, but instead indicated that it had no expert witnesses. ECF No. 107 at 63.

Defendant provides no justification for its late disclosure of Dr. Schwartz.[3] Plaintiff will not be allowed to call twice his expert witness, Dr. María Margarida, to the witness stand (i.e.,

---

[2] It is unclear from the record if or when Defendant produced Dr. Schwartz's expert report to Plaintiff, but as of November 27, 2019 Defendant had not produced the report. ECF No. 60.

[3] On November 27, 2019, the same day Defendant announced Dr. Schwartz as an expert witness, Defendant filed a motion for extension of discovery communicating that on that same day it had learned about mental health reports pertaining to Plaintiff which were in the local court of Bayamón and that Defendant was "in the process of preparing a subpoena to obtain those reports." ECF No. 60 at 2. Defendant wrote that Dr. Schwartz needed "to review the additional reports of Plaintiff's mental and emotion state located in the Bayamón superior state court." ECF No. 60, at 2. However, even if the discovery of those reports presented a valid request to extend the deadline for Dr. Schwartz to produce his expert report, it did not provide a valid justification for not timely announcing Dr. Schwartz as an expert. Defendant's request was accordingly denied. ECF No. 77 at 1–2.

once during Plaintiff's case in chief and again as a "rebuttal expert witness" after defendant has rested in presenting its case in chief.). Plaintiff will also not be allowed to call any unannounced expert witness to the stand after Defendant has concluded presenting its case in chief. Therefore, there is no evident reason as to why Dr. Schwartz should be allowed to be called as an "expert rebuttal witness." In addition, as stated in the court's resolution of Defendant's motions *in limine* regarding Dr. Margarida, Defendant will have plentiful grounds for which to cross-examine Dr. Margarida. ECF No. 256 at 3–6. In conclusion, Dr. Schwartz may not be called at trial as an expert witness for the defense.

### C.  Request to Exclude Documentary Evidence

Finally, Plaintiff contends that Defendant did not identify, designate, or produce during discovery eight documents which Defendant announced in the parties' most recent joint proposed pretrial order filed on June 8, 2022. Namely, Plaintiff contends that Defendant did not produce two "2014 TACS Report[s] (IDs E and F), an Audit Trial Report (ID G), two "2015 TACS" (IDs N and O), a Leave of Absence Analysis (IDs V and W), and a "2003-2016 Salary History" (ID U). ECF No. 202 at 3–4. Because they were not produced during discovery, Plaintiff requests that they be excluded. ECF No. 202 at 4. Defendant does not contradict, respond, or make an explanation with regard to the aforementioned documents. Therefore, Defendant's IDs E, F, G, N, O, U, V, and W (ECF No. 187 at 96) are hereby excluded from introduction at trial because they were not produced in accordance with Defendant's discovery obligations.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff motion *in limine* to preclude certain documentary evidence, fact witnesses, and an expert witness is GRANTED IN PART and DENIED IN PART.

Plaintiff's request to preclude Ms. Mayra Mendoza and Mr. Carmelo Moyeno from testifying at trial is DENIED. Plaintiff's request to preclude Ms. Madeline Cortés, Mr. Guillermo Dávila, and Dr. Jaime Grodsinsky Schwartz from testifying at trial is GRANTED. Likewise, Plaintiff's request to exclude from trial Defendant's documentary evidence, identified in the revised joint proposed pretrial order filed on June 8, 2022 (ECF No. 187 at 96) as IDs E ("2014 Gonzalez O - 2014 TACS Report.pdf"), F ("2014 Santos J R -2014 TACS Reports.pdf"), G ("2014-02-20 3999 Audit Trail Report Route 056.pdf"), N ("2015 Gonzalez O -2015 TACS Report.pdf"), O ("2015 Santos J R - 2015 TACS Reports.pdf"), U ("2003-2016 Salary History.pdf"), V ("2013 through 2015 USPS Leave of Absence Analysis GonzalezTomasini PS 3972.pdf"), and W ("2014 through 2015 USPS Leave of Absence Analysis Juan-RSantos-PS 3972.pdf") is also GRANTED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 19th day of July, 2022.

s/Marcos E. López
U.S. Magistrate Judge