IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ORLANDO GONZÁLEZ TOMASINI,

Plaintiff,

v.

UNITED STATES POSTAL SERVICE, et al.,

Defendants.

CIVIL NO.: 17-1552 (MEL)

**OPINION & ORDER**

Pending before the court is Plaintiff Orlando González Tomasini's ("Plaintiff") motion *in limine* to preclude any reference or mention of the criminal conviction of Dr. Luis E. Faura-Clavell ("Dr. Faura-Clavell") at trial. ECF No. 195. In the parties' revised joint proposed pretrial order filed on June 8, 2022, Plaintiff announced his intent to call Mr. Faura-Clavell as a fact witness "to testify to authenticate the CA-17 [Duty Status Report] he prepared and or [Plaintiff's] medical records, if they are not stipulated or admitted." ECF No. 187 at 99. The parties appear to be in consensus that Dr. Faura-Clavell was convicted on June 30, 2014 of making false statements to the Office of Workers' Compensation Programs ("OWCP"). ECF No. 187 at 23; ECF No. 195 at 2. Plaintiff contends that Dr. Faura-Clavell's criminal history should not be mentioned at trial because it is irrelevant and prejudicial because "[t]here is nothing linking Dr. Faura Clavell to any fraud or dishonesty in the case of Plaintiff Orlando Gonzalez Tomassini." ECF No. 195 at 2.[1] Defendant United States Postal Service ("Defendant") filed an

---

[1] Oddly, Plaintiff asserts that "Dr. Faura is not a factual witness" although he declares Dr. Faura-Clavell only in the fact witness section of the joint proposed pretrial order and does not name Dr. Faura-Clavell as an expert witness. ECF No. 187 at 99, 100.

omnibus response in opposition to Plaintiff's instant motion *in limine* and other motions *in limine* which Plaintiff has also filed. ECF No. 212.

Federal Rule of Evidence 609 provides that a witness may be impeached regarding their character for truthfulness by evidence of a criminal conviction when the witness was convicted of a felony or, if the crime was not a felony, when the elements of the crime involve a dishonest act or false statement. Fed. R. Evid. 609. First, the Rule provides that evidence "must be admitted, subject to Rule 403, in a civil case . . . in which the witness is not a defendant" of a crime committed by the witness which was punishable "by imprisonment for more than one year." Fed. R. Evid. 609(1)(A). Federal Rule of Evidence 403 requires a balancing of whether the evidence's "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Secondly, with regard to any crime "regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement." Fed. R. Evid. 609(2).

The court takes judicial notice of its own docket, which reveals that Dr. Faura-Clavell pleaded guilty, was convicted of and sentenced for three counts of making "[f]alse statements or fraudulent statements" in violation of 18 U.S.C. § 1001, which are felony offenses. U.S. v. Luis E. Faura-Clavell et al., 13-622 (DRD), ECF Nos. 3, 43, 45, 62, 63; 63 at 1;  U.S. v. Luis E. Faura-Clavell, 13-cr-623 (DRD), ECF Nos. 3, 24, 26, 36, 39. Under 18 U.S.C. § 1001, "whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully— . . . (2) makes any materially false,

fictitious, or fraudulent statement or representation . . . shall be . . . imprisoned not more than 5 years[.]"

According to the version of facts which the Dr. Faura-Clavell signed in a plea agreement, "Dr. Clavell submitted false and fraudulent medical reports to the [United States] Department of Labor, indicating that Persons A, B, and C were disabled and unable to work." Case 13-622 (DRD), ECF No. 43 at 9; Case 13-623 (DRD), ECF No. 24 at 9. This version of facts signed by Dr. Faura-Clavell also states that he "back-dated the Duty Status Report, submitted to the [United States] Department of Labor, to reflect a date of examination of May 7, 2013." Case 13-622 (DRD), ECF No. 43 at 10; Case 13-623 (DRD), ECF No. 24 at 10.

Therefore, Dr. Faura-Clavell, a proposed witness in a civil case, was convicted of a crime, 18 U.S.C. § 1001, which is punishable by imprisonment for more than one year (a felony), and Dr. Faura-Clavell was indeed sentenced to a term of imprisonment for more than one year (specifically, eighteen months of imprisonment). Furthermore, the offenses for which Dr. Faura-Clavell was convicted of involve a dishonest act or false statement. Therefore, under Federal Rule of Evidence 409, Dr. Faura-Clavell's convictions may be admitted to impeach him regarding his character for truthfulness.

Even if Dr. Faura-Clavell only testifies to authenticate a "CA-17 [Duty Status Report] he prepared and or [Plaintiff's] medical records," authentication of said documents still implicates Dr. Faura-Clavell's character for truthfulness. It is therefore relevant that Dr. Faura-Clavell had been convicted for making false and fraudulent representations.

The risk of unfair prejudice for the jury to learn of Dr. Faura-Clavell's convictions does not outweigh the aforementioned probative value regarding authentication of Plaintiff's CA-17 duty status report and medical records. United States v. Varoudakis, 233 F.3d 113, 122 (1st Cir.

2000) ("'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, *though not necessarily,* an emotional one.") (citing Fed. R. Evid. 403 advisory committee's note to 1972 Proposed Rules) (emphasis in original).

For the foregoing reasons, Plaintiff's motion *in limine* to prohibit Defendant from mentioning or referencing Dr. Faura-Clavell's convictions is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 19th day of July, 2022.

s/Marcos E. López<br>U.S. Magistrate Judge