**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

ORLANDO GONZÁLEZ TOMASINI,

    Plaintiff,

        v.                        CIVIL NO.: 17-1552 (MEL)

UNITED STATES POSTAL SERVICE, et al.,

    Defendants.

**OPINION & ORDER**

The parties have submitted three motions regarding the authentication and admissibility of certain documents before trial. ECF Nos. 198, 230, 237. One motion, filed by Plaintiff was filed as a "motion *in limine*" which seeks admission, before trial, of nine (9) Federal Worker's Compensation Form CA-17 Duty Status Reports. ECF No. 198 at 1. The other two motions, one filed by Plaintiff (ECF No. 230) and one filed by Defendant (ECF No. 237) likewise concern evidentiary matters and documentary evidence, but they were filed after the deadline for motions *in limine*. Each will be briefly addressed in turn.

**I.**     **PLAINTIFF'S "MOTION *IN LIMINE*" TO ADMIT NINE CA-17 DUTY STATUS REPORTS**

First, Plaintiff filed a motion *in limine* which does not seek to exclude any evidence from trial, but instead requests that the court make an affirmative ruling on the authenticity and admissibility of nine CA-17 Duty Status Reports related to Plaintiff's remaining claims in this case. ECF No. 198. Defendant filed a motion in opposition to Plaintiff's request for an *a priori* ruling on the authenticity and admissibility of these nine documents. ECF No. 212 at 20.

Documents which are to be presented at trial must satisfy the requirements both for authenticity and admissibility. See United States v. Southard, 700 F.2d 1, 23 (1st Cir. 1983)

("Defendant, however, seems to equate self-authentication with admissibility. They are two separate matters."). With regards to admissibility, Plaintiff merely argues that there is "no controversy that the nine (9) CA-17 attached as Exhibit I to this motion are genuine and authentic", but Plaintiff does not assert that these nine documents are self-authenticating under Rule 902, nor does any of the provisions for self-authenticating documents in Rule 901(1) through 902(14) apply to these documents as they were submitted with Plaintiff's motion. See Fed. R. Evid. 902(1)–(14).

If there is truly no controversy between the parties as to the authenticity of these documents, the proper course would be for the parties to stipulate to their authenticity or, if there is no controversy as to their admissibility, to identify them as joint exhibits in the joint proposed pretrial memorandum. Here, however, Defendant has filed a response in opposition which objects to Plaintiff's arguments regarding the authentication of these documents. ECF No. 212 at 22. Therefore, Defendant has voiced a controversy as to the authenticity of said documents, despite the fact that Defendant has announced its intent to use at least one CA-17 dated February 26, 2015 as part of Defendant's identified documentary evidence in the joint proposed pretrial order from June 8, 2022. ECF No. 187 at 96, ID "S." Insofar as Plaintiff is correct that there is truly no genuine dispute regarding whether these documents are authentic, the parties are encouraged to reach a stipulation regarding authenticity in the interests of efficiency at trial. Nevertheless, the court declines to make a preliminary finding as to the authenticity and admissibility of these nine documents before trial. As such, Plaintiff's "motion *in limine*" is denied without prejudice.

## II.     PLAINTIFF'S MOTION FOR A RULING ON CERTAIN DOCUMENTARY EVIDENCE

Next, Plaintiff filed a motion entitled "Motion For a Ruling Permitting Plaintiff to Utilize Federal Rule of Evidence 902(11) For The Authentication of Domestic Records of Regularly Conducted Activity and for Their Admission Under Rules 803(4) and 803(6) of the Rules of Evidence." ECF No. 230 at 1. Plaintiff requests that the court make a "ruling in advance of trial concerning the admissibility of business records pursuant to Federal Rules of Evidence 803(4), 803(6) and 902(11)." ECF No. 230 at 1–2.

Plaintiff asserts that five exhibits which he intends to introduce at trial are self-authenticating pursuant to Federal Rule of Evidence 902(11) which provides that "Certified Domestic Records of a Regularly Conducted Activity" are self-authenticating "as shown by a certification of the custodian or another qualified person that complies with a federal statute or rule prescribed by the Supreme Court." ECF No. 230 at 3; Fed. R. Evid. 902(11). Plaintiff attached to his motion "certificates of authenticity" completed by each custodian or allegedly qualified person. ECF Nos. 230-1; 230-2; 230-3; 230-4; 230-5. As above, Plaintiff also argues that the documents are admissible pursuant to the hearsay exceptions under Federal Rules 803(4) "Statements Made for Medical Diagnosis or Treatment" or under Rule 803(6) as "Treatment or Records of a Regularly Conducted Activity." ECF No. 230 at 3–5.

A preliminary examination of the certificates of authenticity reveals that they appear adequate comply with Rule 902(11). Defendant has not voiced any opposition to this request. Accordingly, the authenticity of these documents shall be deemed to be undisputed. As to the request to rule on their admissibility, the request is denied without prejudice as premature. Nevertheless, once again, if there is no genuine objection to their admissibility, the parties are encouraged to identify these documents as joint exhibits for trial purposes.

### III. DEFENDANT'S NOTICE OF INTENT TO USE RECORDS OF A REGULARLY CONDUCTED ACTIVITY

Finally, Defendant filed a motion entitled requesting leave to file a document and attached to its motion as an exhibit a tendered motion entitled "Notice Of Intent To Use Records Of A Regularly Conducted Activity." ECF Nos. 237, 237-1. In its prayer for relief in the tendered motion, Defendant "respectfully requests that the court take notice" that "the defendant advised plaintiff of its intent to use and present at trial the following certified domestic records of regularly conducted activity, which documents have been duly certified by the witnesses identified below in compliance with Rules 803(6) and 902(11) of the Federal Rules of Evidence." ECF No. 237 at 1–3. Defendant then proceeds to list 19 documentary records from the parties' most recently filed revised joint proposed pretrial order filed on June 8, 2022, referring to Defendant's IDs C, D, E, F, G, H, J, K, L, M, N, O, P, Q, R, S, T, U, and V. ECF No. 237 at 1–2. Defendant's request to file is NOTED. However, Defendant shall comply with the court's order on Plaintiff's motion *in limine* (ECF No. 202), which ruled that Defendant was precluded from introducing at trial Defendant's IDs E ("2014 Gonzalez O - 2014 TACS Report.pdf"), F ("2014 Santos J R -2014 TACS Reports.pdf"), G ("2014-02-20 3999 Audit Trail Report Route 056.pdf"), N ("2015 Gonzalez O -2015 TACS Report.pdf"), O ("2015 Santos J R - 2015 TACS Reports.pdf"), U ("2003-2016 Salary History.pdf"), V ("2013 through 2015 USPS Leave of Absence Analysis GonzalezTomasini PS 3972.pdf"), and W ("2014 through 2015 USPS Leave of Absence Analysis Juan-RSantos-PS 3972.pdf") because Defendant failed to comply with its discovery obligations with regard to those documents. ECF No. 257 at 13–14.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion *in limine* to admit nine (9) CA-17 Duty Status Reports (ECF No. 198) is DENIED WITHOUT PREJUDICE. Plaintiff's "Motion For A

Ruling Permitting Plaintiff To Utilize Federal Rule Of Evidence 902(11) For The Authentication Of Domestic Records Of Regularly Conducted Activity" (ECF No. 230) is GRANTED with respect to authentication, but DENIED WITHOUT PREJUDICE as to admissibility. Finally, Defendant's motion for leave to file (ECF No. 237) is NOTED, with the caveat regarding what has been marked for identification purposes as E, F, G, N, O, U, V, and W.

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 18th day of July, 2022.

s/Marcos E. López  
U.S. Magistrate Judge