IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ORLANDO GONZÁLEZ TOMASINI, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES POSTAL SERVICE, et al., <br><br> Defendants. | CIVIL NO.: 17-1552 (MEL) |

**OPINION & ORDER**

On June 8, 2022, Plaintiff Orlando González Tomasini's ("Plaintiff") and Defendant United States Postal Service ("USPS" or "Defendant") filed a revised joint proposed pretrial order. ECF No. 187. In Defendant's section of the revised joint proposed pretrial order titled "Summary of Factual Contentions," Defendant referred to the final agency decision made by the Equal Employment Opportunity Commission ("EEOC") on January 25, 2017 which found that Plaintiff had not suffered discrimination or retaliation. ECF No. 187 at 39. Pending before the court is Plaintiff's motion *in limine* "To Preclude Questions or Statements to the Jury Concerning the Agency's Finding of No Discrimination." ECF No. 196. In its motion *in limine*, Plaintiff argues that, although the court has discretion as to whether admit evidence regarding the EEOC final agency decision, the probative value of the final agency decision being presented to the jury would be outweighed by its unfair prejudice and risk of confusing the jury under Federal Rule of Evidence 403. ECF No. 196 at 2–3.

Defendant filed an omnibus response in opposition to Plaintiff's motion *in limine* and other motions in *limine* which Plaintiff filed. ECF No. 212. Defendant argues that the final agency determination "is an admissible document under Federal Rule of Evidence 803(8) because it is a public record 'containing factual findings from a legally authorized investigation.'" ECF No. 212 at

13–14. Even so, Defendant does not identify in the joint proposed pretrial order the final agency decision as documentary evidence which Defendant intends to introduce at trial. ECF No. 212 at 13 ("Defendant did not notice the document for identification in the Proposed Joint Pretrial Order of June 8, 2020."); ECF No. 187 at 96–97. In Defendant's response in opposition to Plaintiff's motion *in limine*, Defendant communicates that it does "not propose to enter the Final Agency Decision document into evidence" and that it only "reserves the right to submit the document into evidence for purposes of impeachment . . . to contradict testimony, prove bias, or reveal prior inconsistent statements . . . or in rebuttal[.]" ECF No. 212 at 14.

The final agency decision has not been submitted to the court as an exhibit to Plaintiff's motion *in limine* or as an exhibit to Defendant's response so that the court could examine the document and analyze the relevant facts that led to the EEOC's conclusion that no discrimination or retaliation occurred. See e.g. Patten v. Wal-Mart Stores East, Inc., 300 F.3d 21, 27 (1st Cir. 2002) (Finding the district court committed no error in excluding from evidence a right-to-sue letter, "when it concludes that such an agency determination, unaccompanied by relevant facts, tends to be more prejudicial than probative."). Thus, the failure to tender as an exhibit the final agency decision is sufficient basis to DENY WITHOUT PREJUDICE Plaintiff's motion *in limine*.

Nevertheless, to the extent that Plaintiffs' motion *in limine* is seeking to preclude the introduction of the final agency decision as an exhibit at trial for non-impeachment purposes, said request is MOOT as neither side seeks to introduce said document into evidence. If, however, the final agency decision contains a witness' prior inconsistent statement under oath, reference to such prior inconsistent statement under oath would be admissible for impeachment purposes.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 22nd day of July, 2022.

s/Marcos E. López  
U.S. Magistrate Judge